EPIFANIO VÁZQUEZ ROSADO, peticionario, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE GUAYAMA, HON. CARLOS J. RODRÍGUEZ, JUEZ, demandado.

Número: O-72-9    Resuelto: 20 de abril de 1972

*José Rafael Gelpí* y *Roberto Ortiz Gutiérrez,* abogados del peticionario; *Gilberto Gierbolini, Procurador General,* y *Américo Serra, Procurador General Auxiliar,* abogados del demandado.

PER CURIAM : Contra el peticionario se presentó una acusación por el delito de hurto mayor. Radicó una moción solicitando la desestimación de la acusación, fundándose en que no se había determinado causa probable en la vista preliminar con arreglo a la ley y a derecho consistente ello en que ante el magistrado que entendió en dicha vista no desfiló prueba alguna de la existencia de causa probable para acusarle.

En la vista señalada para la discusión de la moción de desestimación el juez de instancia se negó a oír la prueba que ofrecería el acusado para sustanciar su planteamiento.

Luego de su argumentación, la moción para desestimar fue declarada sin lugar.

De acuerdo con la Regla 64 de Procedimiento Criminal, la moción para desestimar una acusación o denuncia o cualquier cargo de las mismas, puede basarse, entre otros, en el siguiente fundamento:

"(p) Que se ha presentado contra el acusado una acusación o denuncia, o algún cargo de los mismos, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho." (¹)

En el caso de *Martínez Cortés* v. *Tribunal Superior,* 98 D.P.R. 652 (1970), el allí acusado solicitó la desestimación de la acusación por el fundamento del inciso (p) de la Regla 64 de Procedimiento Criminal. A pesar de que un magistrado había hecho la determinación de causa probable, como

_____

(¹) Anteriormente el inciso (p) leía así:

"(p) Que el fiscal ha presentado una acusación, o algún cargo de la misma, que imputa un delito grave (*felony*) sin que se hubiese determinado previamente causa probable por un magistrado."

ocurre también en este caso, la prueba presentada en la visita señalada para la discusión de la moción para desestimar, reveló que la referida determinación de causa probable no se había hecho conforme a la ley y a derecho. De haberse negado al acusado en aquel caso la oportunidad de presentar prueba para sustanciar su moción, ésta no hubiera tenido éxito, como lo tuvo en virtud de nuestra decisión.

La Regla 23 de Procedimiento Criminal que regula la vista preliminar dispone que si a juicio del magistrado la prueba demostrare que existe causa probable para creer que se ha cometido un delito y que la persona lo cometió, el magistrado detendrá inmediatamente a la persona para que responda por la comisión de un delito ante la sección y sala correspondiente del Tribunal de Primera Instancia; de lo contrario exonerará a la persona y ordenará que sea puesta en libertad.

Para que la determinación de causa probable se haga conforme a la ley y a derecho, el juicio del magistrado debe basarse en alguna prueba que demuestre que existe causa probable para creer que el acusado cometió el delito. En ausencia total de esa prueba, la determinación de causa probable por un magistrado no se ha hecho con arreglo a la ley y a derecho, y en su consecuencia, procede la moción para desestimar la acusación, bajo el susodicho inciso "p" de la Regla 64. Sería inútil tal planteamiento si el tribunal correspondiente no admite la presentación de prueba para sustanciarla. Esto no quiere decir que en la vista de la moción para desestimar la acusación por el fundamento del susodicho inciso "p", se entre a considerar la corrección del juicio hecho por el juez instructor respecto a la existencia de causa probable, excepto cuando haya carencia absoluta de prueba tendiente a demostrar que existe tal causa probable para creer que se ha cometido un delito y que el acusado lo cometió. Para que un juez instructor pueda formar su juicio en una vista preliminar sobre la existencia de causa probable, tal determinación, para que se

haga conforme a la ley y a derecho, debe estar basada en prueba que le lleve a creer que probablemente se cometió un delito por el acusado.

La resolución objeto de revisión en este caso, negándole la presentación de prueba, le priva al peticionario de demostrar que en la vista preliminar no hubo prueba que le señalare como probable autor de un delito.

Debe, por lo tanto, *expedirse el auto de certiorari solicitado, anularse la resolución dictada por el Tribunal Superior, Sala de Guayama, en 8 de noviembre de 1971, y devolverse el caso a dicho Tribunal para ulteriores procedimientos compatibles con lo aquí resuelto.*

El Juez Presidente, Señor Negrón Fernández, no intervino.