# 97 DTA 176

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL V DE PONCE Y AIBONITO

EL PUEBLO DE PUERTO RICO
Recurrido

v.

HERFEL A. POLA GÜELEN
Peticionario

Núm. KLCE-97-00746

San Juan, Puerto Rico, a 7 de agosto de 1997

Panel integrado por su Presidente, Juez Negrón Soto
y los Jueces Aponte Jiménez y Segarra Olivero

Negrón Soto, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Revocamos la Resolución recurrida y determinamos que existe causa probable para acusar al señor Herfel A. Pola Guelén por el delito de amenazas, según tipificado en el Artículo 153 del Código Civil de Puerto Rico, 33 L.P.R.A. sec. 4194, por considerar que el Ministerio Público sólo logró probar los elementos de ese delito y no los del delito de amenaza a testigos, Artículo 239-A del Código Penal de Puerto Rico, 33 L.P.R.A. sec. 4435a.

### I

Contra el señor Herfel A. Pola Guelén, en lo sucesivo Pola Guelén, se presentaron dos denuncias, una por violación de los delitos de amenza a testigo, *supra*, y otra por el de escalamiento agravado, Artículo 171 del Código Penal, 33 L.P.R.A sec. 4277. En atención a la violación del Artículo 239-A del Código Penal, *supra*, la denuncia expresaba en particular que:

*"[e]l referido acusado, Herfel A. Pola Guelén, allá para el día 8 de julio...ilegal, voluntaria, maliciosa y criminalmente y **con el propósito de que Luis A. Lebrón Martínez como testigo no ofreciera su testimonio**, amenazó con causarle daño físico en la persona de dicho testigo, **siendo dicha persona así amenazada** un testigo en una investigación y en un procedimiento judicial, consistente en que cuando el perjudicado lo sorprendió sacando propiedad de su residencia y al tratar de detenerlo, éste le manifestó: Hijo de la gran puta, cuídate que te voy a coger, yo soy de La Plena, cuídate".* También le manifestó que sabía dónde vivía el perjudicado. (Subrayado nuestro)

El 12 de noviembre de 1996 se celebró ante el Tribunal de Primera Instancia, Sala Superior de Ponce, una vista preliminar. Dicho tribunal, luego de escuchar la prueba presentada, determinó causa probable por escalamiento agravado, *supra*, y por una infracción al Artículo 239-A del Código Penal de Puerto Rico, *supra*. Los hechos, según surgen de la transcripción de la vista preliminar, fueron los siguientes:

El 8 de julio de 1996, el señor Luis Lebrón Martínez, en lo sucesivo Lebrón Martínez, al llegar a su residencia escuchó ruidos en la parte posterior de su residencia, por lo que decidió no abrir la puerta de entrada y revisar que ocurría en la parte de atrás. Entonces, ve a un hombre, que resultó ser Pola Guelén, que sale de la parte de atrás de la residencia con un video en la mano izquierda y un televisor en la derecha, ambos propiedad de Lebrón Martínez. Este, también, indicó que la puerta estaba rota y tirada en el suelo. En ese momento, Lebrón Martínez y Pola Guelén comenzaron a forcejar. Lebrón Martínez testificó en particular que:

*"...estuvimos forcejeando yo empecé a llamar a mi vecina, mi vecina no se encontraba, entonces tuve que soltarlo para entonces llamar la policía, entonces ahí él salió a la calle, entonces empezó a gritarme un montón de malas palabras, me dijo no te apures que yo te conozco que yo soy de la Plena; entonces, pues, yo le dije pues ven y cógeme ahora yo saqué un tubo y él se metió por el pasto."*

Transcripción de la vista preliminar contra Herfel A. Pola Guelén por escalamiento agravado y amenaza a testigo del 12 de noviembre de 1996, pág. 3. ■

A preguntas del fiscal, Lebrón Martínez señaló que cuando Pola Guelén le indicó que se cuidara, que lo iba a coger, él había entendido que *"viraría para atrás diría yo a matarme o hacerme algo..."*, *ibid.* pág. 7.

El 20 de noviembre de 1996, el Ministerio Fiscal presentó dos acusaciones por los delitos de

escalamiento agravado, *supra*, e infracción al artículo 239-A del Código Penal, *supra*, celebrándose el acto de lectura el 2 de diciembre del mismo año. El 6 de marzo de 1997, la representación legal de Pola Guelén presentó ante el Tribunal de Primera Instancia una moción al amparo de la Regla 64 de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, en la que alegó que la determinación de causa para acusar a Pola Guelén fue hecha contraria a la ley y a derecho, pues existe ausencia total de prueba sobre el elemento del delito que implica causar daño físico a un testigo para que éste no ofrezca su testimonio. La vista para la discusión de dicha solicitud de desestimación fue celebrada el 30 de junio de 1997, sometiendo la defensa la transcripción de la prueba presentada en la vista preliminar. El Tribunal de Primera Instancia declaró no ha lugar la solicitud de desestimación.

La representación legal de Pola Guelén presentó ante nos un recurso de *Certiorari* acompañado por una moción solicitando paralización de los procedimientos en auxilio de jurisdicción. Pola Guelén alegó como único señalamiento de error que el Tribunal de Primera Instancia erró al:

*"...DECLARAR NO HA LUGAR UNA MOCION DE DESESTIMACION AL AMPARO DE LA REGLA 64(P) DE PROCEDIMIENTO CRIMINAL, AUN CUANDO EXISTE AUSENCIA TOTAL DE LOS ELEMENTOS DE PRUEBA DEL ARTICULO 239-A DEL CODIGO PENAL."*

Estamos en posición de resolver.

## II

El mecanismo procesal que tiene un acusado para revisar una determinación de causa probable para acusar, obtenida por el Ministerio Fiscal en vista preliminar, es la moción para desestimar la acusación por el fundamento de que:

*" ...se ha presentado contra el acusado una acusación o denuncia, o algún cargo de las mismas, sin que se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, con arreglo a la ley y a derecho."* 34 L.P.R.A., Ap. III, R. 64(P).

Nuestro Tribunal Supremo ha resuelto, en repetidas ocasiones, que la determinación de causa probable goza, como toda determinación judicial, de una presunción legal de corrección. *Rabell Martínez v. Tribunal Superior,* 101 D.P.R. 796, 799 (1973); *Pueblo v. González Román,* 120 D.P.R. 684, 687 (1988), *El Vocero de P.R. v. E.L.A.,* ___ D.P.R. ___ (1992), **92 J.T.S. 108**, pág. 9845. En virtud de la presunción que ampara a la determinación de causa probable, el acusado tiene la obligación de presentar evidencia y de persuadir al Tribunal de que no existía causa probable para acusarlo. **[2]** El acusado tiene la obligación de presentar evidencia y de persuadir al Tribunal de que no existía causa probable para acusarlo. Su carga probatoria es considerable, pues tendrá que convencer al Tribunal de que, en vista preliminar, hubo ausencia total de prueba sobre algún elemento de responsabilidad criminal.

El Tribunal Supremo ha reiterado en varias ocasiones que en la vista preliminar no requiere al Ministerio Público que desfile toda su prueba, *Pueblo v. Figueroa Castro,* 102 D.P.R. 279, 284 (1974); no obstante, se le requiere que la presente en cuanto a todos los elementos del delito imputado en la denuncia y su conexión con dicho delito. *Vázquez Rosado v. Tribunal Superior,* 100 D.P.R. 592 (1972); *Pueblo v. Ocasio Hernández,* 141 D.P.R. ___, **95 J.T.S. 122**, pág. 80; *Pueblo v. Rivera Rivera,* ___ D.P.R. ___, **96 J.T.S. 92**, pág. 1286, nota al calce núm. 7. Además, nuestro más alto Foro ha indicado que sólo se desestimará la acusación si considera que en la vista preliminar hubo ausencia total de prueba, no si se trata de revisar el criterio del magistrado que determinó causa probable. A esos efectos, en *Vázquez Rosado v. Tribunal Superior, supra,* dijo lo siguiente:

*"Esto no quiere decir que en la vista de la moción para desestimar la acusación por el fundamento del susodicho inciso "p", se entre a considerar la corrección del juicio hecho por el juez instructor respecto a la existencia de causa probable, excepto cuando haya carencia absoluta de prueba tendiente a demostrar que existe tal causa probable para creer que se ha cometido un delito y que el acusado lo cometió."* (Énfasis nuestro).

En el caso de autos a Pola Guelén se le imputó violar el Artículo 239-A del Código Penal, *supra,* el cual dispone:

*"El que amenace con causar daño físico a una persona o a su familia o daño a su patrimonio cuando dicha persona sea testigo por su conocimiento de los hechos, pudiera ser llamado a prestar testimonio en cualquiera investigación, procedimiento vista o asunto judicial o asunto administrativo que conlleve sanciones en exceso de cinco mil (5,000) dólares, con el propósito de que dicho testigo no ofrezca su testimonio, lo preste parcialmente o varíe el mismo ·será sancionado con pena de reclusión por un término fijo de tres (3) años. De mediar circunstancias agravantes, la pena fija establecida podrá ser aumentada hasta un máximo de cinco (5) años; de mediar circunstancias atenuantes, podrá ser reducida hasta un mínimo de dos (2) años."* Adicionado por la Ley Núm. 124 de 30 de junio de 1975, según enmendado por la Ley Núm. 101 de 4 de junio de 1980.

Este delito *"define dos modalidades en que se comete delito al impedir y obstruir el fiel cumplimiento de la responsabilidad de un testigo al ser requerido que preste testimonio sobre unos hechos pertinentes en un procedimiento de naturaleza judicial..,* ██ *los cuales consisten en impedir o disuadir a un testigo ya anunciado, o que pudiera ser anunciado, de ofrecer su testimonio en cualquiera de los procedimientos y trámites de ley indicados en el artículo"* . ██

Del testimonio de Lebrón Martínez no surge que Pola Guelén lo hubiese amenazado con el propósito de impedir que Lebrón pudiese testificar. Sólo lo amenazó por haberlo detenido. De hecho, Lebrón Martínez en ningún momento señaló que hubiera manifestado en voz alta que iba a llamar a la policía o a denunciarlo. Expresó que el único temor de él era el daño que pudiera causarle Pola Guelén. En atención a esto, determinamos que el Ministerio Público no logró probar todos los elementos del delito.

No obstante, tomando en consideración que en la vista de causa probable el Tribunal de Primera Instancia puede encontrar causa probable por un delito incluido en el imputado en la denuncia, determinamos que el Ministerio Público sí logró probar los elementos del delito de amenaza, Artículo 153 del Código Penal de Puerto Rico, *supra.* ██

El delito de amenaza está tipificado por el Código Penal de Puerto Rico en su Artículo 153, *supra,* de la siguiente manera:

*"Será sancionada con pena de reclusión que no excederá de seis meses o multa que no excederá de quinientos (500) dólares, o ambas penas a discreción del Tribunal, el que amenazare a otro con causar al mismo o a su familia, en su persona, honor o patrimonio un daño determinado."*

Los elementos de este delito son: *"una manifestación expresa de voluntad, verbal o escrita, de causar un daño determinado a alguna persona determinada o a su familia y una apariencia de peligro e intranquilidad para quien está destinada la amenaza o que la escucha...El delito se consuma tan pronto se profiere la amenaza."* ██

Tomando en consideración lo antes expresado y el testimonio que tuvo ante sí el Tribunal de Primera Instancia, Sala Superior de Ponce, en la vista preliminar, determinamos que si bien es cierto no se presentó prueba suficiente sobre los elementos del delito de amenaza a testigos, *supra,* el Ministerio Público logró presentar prueba suficiente sobre los elementos del delito de amenaza y su conexión con el imputado.

### III

En atención a lo antes expresado, expedimos el auto de *Certiorari*; revocamos la resolución recurrida; desestimamos la acusación presentada contra el señor Herfel A. Pola Guelén por infracción al Artículo 239-A del Código Penal, *supra,* y determinamos que existe causa probable para acusar al señor Herfel A. Pola Guelén por el delito de amenazas, según tipificado en el Artículo 153 de dicho Código, *supra.* Los procedimientos en estos casos deberán continuar en el Tribunal de Primera Instancia, Sala Superior de Ponce, en forma consistente con lo aquí resuelto.

Notifíquese por facsímil de inmediato, además de por la vía ordinaria.

Así lo acordó el Tribunal y lo certifica la Secretaria General.

### ESCOLIOS 97 DTA 176

**1.** El señor Luis A. Lebrón Martínez expresó en particular en su declaración jurada del 25 de septiembre de 1996 lo siguiente:

*..Yo le dije que porqué me estaba robando. El no respondió, lo que hizo fue que empezó a correr y yo lo sujeté. Cuando los dos caímos al piso, el televisor se cayó y se rompió. Yo empezé (sic) a llamar a mi vecina para que llamara a la policía. Y seguimos forcejeando. Lo logré retener por 15 minutos aproximadamente, mientras llamaba a mi vecina, pero ella no se encontraba. Lo solté para llamar la policía y él salió corriendo. El salió por la parte de alfrente (sic) de la casa. Una vez en la calle, comenzó a gritarme improperios. y empezó a decirme: "hijo de la gran puta, cuídate que yo te voy a coger, yo soy de La Plena, cuídate." Que ya sabía dónde yo vivía. Yo cogí un tubo y ahí fue que se metió para el pasto. Yo estuve esperando que llegara la policía.*

**2.** E. Chiesa Aponte, *Derecho Procesal Penal de Puerto Rico y Estados Unidos,* Colombia, Editorial Forum, 1993, Vol. III, pág. 95.

**3.** Dora Nevares-Muñiz, *Código Penal de Puerto Rico,* Hato Rey, Puerto Rico, Instituto para Desarrollo del Derecho, 1993, pág. 373.

**4.** *Ibid.*

**5.** Dora Nevares-Muñiz, *Sumario de Derecho Procesal Penal Puertorriqueño,* 3ra. ed., Hato Rey, Puerto Rico, Instituto para el Desarrollo del Derecho, Inc., 1980, pág. 89.

**6.** Dora Nevares-Muñiz, *op. cit.*, pág. 244, nota 3.