ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL X**

| | | |
|---|---|---|
| **EL PUEBLO DE PUERTO RICO** <br> RECURRIDA(S) <br><br> **V.** <br><br> **VICMARIE COLÓN ALVARADO Y FRANCISCO J. MORALES ALVARADO** <br> PETICIONARIA(S) | **KLCE202400059** | ***Certiorari*** <br> procedente del Tribunal de Primera Instancia, Sala Superior de **GUAYAMA** <br><br> Caso Núm. <br> **G BD2023G0017;** <br> **G BD2023G0018 Y** <br> **G BD2023G0029 (308)** <br><br> Sobre: <br> Artículos 204 y/o 182 del Código Penal |

Panel integrado por su presidenta, la Juez Lebrón Nieves, la Juez Barresi Ramos y la Jueza Santiago Calderón.

*Barresi Ramos*, juez ponente

### R E S O L U C I Ó N

En San Juan, Puerto Rico, hoy día 27 de marzo de 2024.

Comparece ante este Tribunal de Apelaciones, los señores **VICMARIE COLÓN ALVARADO** y **FRANCISCO J. MORALES ALVARADO** (señores **COLÓN ALVARADO** y **MORALES ALVARADO**) mediante *Petición de Certiorari* incoada el 17 de enero de 2024. En su escrito, nos solicitan que revisemos la *Resolución* decretada el 21 de diciembre de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de Guayama.[1] Mediante la referida decisión, el foro *a quo* denegó la *Moción de Desestimación al Amparo de la Regla 64P de Procedimiento Criminal* presentada el 20 de julio de 2023, por la señora **COLÓN ALVARADO**.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

---

[1] Dicha determinación judicial fue notificada y archivada en autos el 22 de diciembre de 2023. Véase Apéndice de la *Petición de Certiorari*, pág. 1.

Número Identificador: RES2024_____

**- I -**

El 10 de junio de 2019, los señores **COLÓN ALVARADO** y **MORALES ALVARADO**, mediante su corporación **ENVIROGEN SYSTEM & TECH LLC**, y la señora Gildred E. Colón Vega suscribieron un contrato.[2] El 9 de agosto de 2019, convinieron un segundo contrato. En los contratos, se acordó la instalación de un (1) sistema de placas fotovoltaicas y sistema de electricidad en dos (2) cabañas; y otro sistema de placas fotovoltaicas y una cisterna en la residencia principal de la señora Colón Vega localizada en Arroyo, Puerto Rico.

El 27 de abril de 2023, se celebró la *Vista Preliminar*. Ese mismo día, se dictó *Resolución Vista Preliminar, Regla 23 de Procedimiento Criminal* en la cual se determinó causa probable por la infracción al Artículo 182 Grave.[3] No obstante, no se determinó causa probable por la infracción al Artículo 204 Grave. Ante ello, se pautó *Vista Preliminar en Alzada* para el 18 de mayo de 2023 y *Juicio* para el 12 de junio de 2023.

Ulteriormente, el 18 de mayo de 2023, **EL PUEBLO DE PUERTO RICO** presentó sendas acusaciones por infracción al Artículo 182 sobre apropiación ilegal agravada contra los señores **COLÓN ALVARADO** y **MORALES ALVARADO**.[4] Específicamente, se les imputó

---

[2] Véase Apéndice de la *Petición de Certiorari,* págs. 54- 65.

[3] *Íd.*, págs. 31- 38. **Artículo 182. — Apropiación ilegal agravada.** 33 LPRA § 5252. Toda persona que cometa el delito de apropiación ilegal descrito en el Artículo 181, y se apropie de propiedad o fondos públicos, será sancionada con pena de reclusión por un término fijo de quince (15) años. Toda persona que se apropie de bienes cuyo valor sea de diez mil dólares ($10,000) o más será sancionada con pena de reclusión por un término fijo de ocho (8) años. Si la persona convicta es una persona jurídica será sancionada con pena de multa hasta treinta mil dólares ($30,000). Si el valor del bien apropiado ilegalmente es menor de diez mil dólares (10,000), pero mayor de quinientos dólares (500), será sancionada con pena de reclusión por un término fijo de tres (3) años. Si la persona convicta es una persona jurídica será sancionada con pena de multa hasta diez mil dólares ($10,000). [...] El tribunal también podrá imponer la pena de restitución. Cuando la apropiación ilegal incluya propiedad o fondos públicos el tribunal impondrá la pena de restitución.

**Artículo 204. — Fraude en la ejecución de obras**. 33 LPRA § 5274. Toda persona que se comprometa a ejecutar cualquier tipo de obra y que, luego de recibir dinero como pago parcial o total para ejecutar el trabajo contratado, con el propósito de defraudar incumple la obligación de ejecutar o completar la obra según pactada, será sancionada con pena de reclusión por un término fijo de tres (3) años. Si la persona convicta es una persona jurídica será sancionada con pena de multa hasta diez mil dólares ($10,000). En todos los casos el tribunal ordenará, además, que la persona convicta resarza a la parte perjudicada por el doble del importe del dinero recibido como pago parcial o total para ejecutar el trabajo contratado.

[4] *Íd.*, págs. 41- 44.

apropiarse sin violencia ni intimidación de la cantidad de $33,159.50, como pago parcial para la instalación de paneles solares, cisterna de agua y electricidad, pero estos trabajos nunca fueron ejecutados.

El 24 de mayo de 2023, ambos acusados presentaron por separado *Moción al Amparo de la Regla 95* en la cual requirieron que se le ordenara a **EL PUEBLO DE PUERTO RICO** suministrar evidencia material y/o documental relacionada a los hechos del caso.[5] El 7 de junio de 2023, **EL PUEBLO DE PUERTO RICO** replicó, conjuntamente, mediante su *Contestación a Moción al Amparo de la Regla 95* con la cual cumplimentó el descubrimiento de prueba.[6]

Después, el 14 de julio de 2023, se celebró la *Vista Preliminar en Alzada.* El mismo día, se decretó *Resolución Vista Preliminar en Alzada.* En el caso contra la señora **COLÓN ALVARADO** se mantuvo la determinación de no causa probable.[7] Empero, en el caso contra el señor **MORALES ALVARADO**, se concluyó que existía causa probable.[8] Así las cosas, el 18 de julio de 2023, se presentó otra acusación por infracción al Artículo 204 sobre fraude en la ejecución de obras de construcción contra el señor **MORALES ALVARADO.**[9]

Por su parte, el 20 de julio de 2023, la señora **COLÓN ALVARADO** presentó una *Moción de Desestimación al Amparo de la Regla 64(p) de Procedimiento Criminal.*[10] El 17 de agosto de 2023, **EL PUEBLO DE PUERTO RICO** presentó *Contestación a Moción de Desestimación al Amparo de la Regla 64(p) de Procedimiento Criminal.*[11] En consecuencia, el 28 de agosto de 2023, el tribunal primario dictaminó *Resolución* en la cual declaró sin lugar la *Moción de*

---

[5] Véase Apéndice de la *Petición de Certiorari*, págs. 47-50.
[6] *Íd.*, págs. 51- 82.
[7] *Íd.*, pág. 39.
[8] *Íd.*, pág. 40.
[9] *Íd.,* págs. 45- 46.
[10] *Íd.*, págs. 83- 87.
[11] *Íd.*, págs. 88- 93.

*Desestimación al Amparo de la Regla 64(p) de Procedimiento Criminal* y ordenó la continuación de los procedimientos.[12]

Posteriormente, el 27 de octubre de 2023, los señores **COLÓN ALVARADO** y **MORALES ALVARADO** presentaron, por separado, *Moción para Informar Representación Legal y Solicitar Rese[ñ]alamiento de Juicio* en la cual informaron, entre otras cosas, que se proponían utilizar los servicios de un ingeniero y su nueva representación legal necesitaba prepararse adecuadamente para reconstruir el expediente y evaluarlo.[13]

Más adelante, el 19 de diciembre de 2023, los señores **COLÓN ALVARADO** y **MORALES ALVARADO** presentaron *Moción Solicitando Desestimación,* alegando que **EL PUEBLO DE PUERTO RICO** no produjo evidencia exculpatoria y de impugnación, con anterioridad a la vista preliminar.[14] Subsiguiente, el 21 de diciembre de 2023, se dictaminó la *Resolución* recurrida.

Inconformes con ese proceder, el 17 de enero de 2024, los señores **COLÓN ALVARADO** y **MORALES ALVARADO** recurrieron ante este foro intermedio señalando el(los) siguiente(s) error(es):

> Erró el TPI al determinar que la moción de desestimación por violar el derecho constitucional a recibir información exculpatoria y de impugnación había sido adjudicada antes de radicarse.
>
> Erró el TPI al rehusarse a determinar que el Ministerio Público privó a los imputados en este caso de evidencia que es favorable, beneficiosa y exculpatoria.

El 23 de enero de 2024, intimamos *Resolución* en la cual, entre otras cosas, concedimos un plazo de veinte (20) días para mostrar causa, por la cual no debíamos expedir el auto de *certiorari* y revocar el dictamen impugnado, a **EL PUEBLO DE PUERTO RICO**. El 13 de febrero de 2024, **EL PUEBLO DE PUERTO RICO** presentó su *Escrito en Cumplimiento de Orden.*

---

[12] Véase Apéndice de la *Petición de Certiorari,* págs. 94-99.
[13] *Íd.,* págs. 100- 103.
[14] *Íd.,* págs. 3- 30.

Evaluado concienzudamente el expediente del caso; y contando con el beneficio de la comparecencia de ambas partes; nos encontramos en posición de resolver. Puntualizamos las normas de derecho pertinentes a las (s) controversia(s) planteada(s).

**- II -**

**- A -**

El recurso de *certiorari* permite a un tribunal de mayor jerarquía revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior instancia judicial.[15] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[16]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[17] Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[18]

El examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[19] Para ello, la Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari.* A saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema;
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;
> (D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;

---

[15] *Rivera Gómez v. Arcos Dorados Puerto Rico Inc.*, 2023 TSPR 65; 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[16] *Íd.*
[17] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[18] *Íd.*
[19] *Id.*

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[20]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[21] En otras palabras, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[22] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*. La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[23]

Finalmente, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en un craso abuso de discreción.[24] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[25]

**- B -**

Nuestro ordenamiento jurídico procesal penal adoptó unas Reglas de Procedimiento Criminal para asegurar la tramitación justa

---

[20] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011). En los casos, criminales, la expedición de un auto de *certiorari* debe evaluarse a la luz de los criterios enumerados por la Regla 40 de nuestro Reglamento.
[21] *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005).
[22] *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019).
[23] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486– 487 (2019); *Mun. Caguas v. JRO Construction Inc., supra*.
[24] *García v. Asociación*, 165 DPR 311, 322 (2005).
[25] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

de todo proceso penal y evitar dilaciones.[26] El mencionado conjunto de normas incluye la opción de la desestimación al amparo de la Regla 64 (p) de las de Procedimiento Criminal.[27] Así pues, la moción de desestimación constituye el remedio procesal adecuado para impugnar la determinación de causa probable en la *vista preliminar.*[28] La precitada Regla instituye que un imputado de delito puede solicitar la desestimación de la acusación radicada en su contra, o de alguno de los cargos incluidos en ésta, cuando la misma ha sido presentada "sin que se hubiere determinado causa probable por un magistrado … con arreglo a la ley y a derecho".[29]

En conformidad con la antedicha norma, se puede invocar la desestimación de la acusación en dos (2) escenarios particulares. En primer lugar, en aquellas circunstancias en las que se determine causa probable para acusar, a pesar de la ausencia total de prueba sobre alguno de los elementos del delito imputado o de su conexión con el acusado. En segunda instancia, cuando se haya infringido alguno de los requisitos o derechos procesales que se deben observar durante la *vista preliminar.*[30] Ambos fundamentos requieren una demostración clara del error que se imputa al magistrado, pues toda determinación de *causa probable* para acusar goza de una presunción de corrección.[31] En ese contexto, la celebración de la audiencia al amparo de la Regla 64 (p) de las de Procedimiento Criminal es discrecional.[32]

En esencia, el magistrado que evalúe una moción de desestimación al amparo de la Regla 64 (p) de las de Procedimiento Criminal debe tener presente que no se trata de una nueva

---

[26] D. Nevares Muñiz, *Sumario de Derecho Procesal Penal Puertorriqueño,* 10ma edición (2018), págs. 2– 3.
[27] *Id.*
[28] *Pueblo v. Pérez Delgado,* 211 DPR 654 (2023); *Pueblo v. Negrón Nazario,* 191 DPR 720, 734 - 735 (2014).
[29] Regla 64 (p) de Procedimiento Criminal, 34 LPRA Ap. II, R. 64 (p).
[30] *Pueblo v. Negrón Nazario, supra; Pueblo v. Rivera Vázquez,* 177 DPR 868, 878 (2010).
[31] *Id.*
[32] *Pueblo v. Rodríguez Ríos,* 136 DPR 685, 691 (1994).

determinación de causa probable.[33] Por lo que, el análisis adecuado para resolver la moción de desestimación al amparo de la mencionada regla requiere examinar la prueba de cargo y defensa vertida en la vista preliminar.[34] Justipreciada exclusivamente tal prueba, el magistrado debe determinar si ésta "establece la probabilidad de que estén presentes todos los elementos; a saber, la probabilidad de que se haya cometido [el] delito imputado. Afín a dicho examen, debe determinar si hay prueba que probablemente conecte al imputado con el delito probablemente cometido".[35]

En otras palabras, solamente procederá declarar con lugar la moción de desestimación al amparo del inciso (p) de la Regla 64 de las de Procedimiento Criminal cuando **haya ausencia total de prueba sobre la probabilidad de que estén presentes y probados uno, varios o todos los elementos del delito imputado o la conexión del imputado con tal delito**.[36] En realidad, el hecho de que a juicio del magistrado la prueba presentada demuestre con igual probabilidad la comisión de un delito distinto al imputado, **no debe dar base a una desestimación**.[37]

**- C -**

Sabido es que nuestro sistema de justicia criminal reconoce el derecho de todo acusado a informarse debidamente en la preparación adecuada de su defensa, como parte del debido proceso

---

[33] *Pueblo v. Negrón Nazario*, *supra*, pág. 736.

[34] Resulta menester mencionar que la determinación emitida tras la celebración de la *Vista Preliminar en Alzada* ya sea la inexistencia de causa por insuficiencia de prueba o la existencia de causa probable por un delito distinto o inferior al imputado, es final y **no es revisable ante un foro de mayor jerarquía**. Véase *Pueblo v. Encarnación Reyes*, 191 DPR 176, 182 (2014). Ello implica que, solamente se puede revisar por *certiorari*, y a modo de excepción, cuando la determinación de no causa probable para acusar se funda en cuestiones **estrictamente de derecho, desvinculadas de la apreciación de la prueba** que fue presentada para comprobar la comisión del delito. Véase, también *Pueblo en interés menor KJSR*, 172 DPR 490 (2007). (énfasis nuestro).

[35] *Pueblo v. Guadalupe Rivera*, 206 DPR 616 (2021); *Pueblo v. Negrón Nazario*, *supra*; *Pueblo v. Rivera Cuevas*, 181 DPR 699, 709 (2011); *Pueblo v. Rivera Vázquez, supra*, pág. 879.

[36] *Pueblo v. Rivera Vázquez, supra*; *Pueblo v. Rivera Alicea, supra*; *Pueblo v. Rodríguez Ríos, supra*; *Vázquez Rosado v. Tribunal Superior*, 100 DPR 592, 594 (1972). (énfasis nuestro).

[37] *Pueblo v. Guadalupe Rivera, supra.* (énfasis nuestro).

de ley.[38] Sustancialmente, el descubrimiento de prueba es el vehículo procesal mediante el cual se consigue prueba favorable o desfavorable para el imputado. En ese marco, se ha prescrito que el derecho al descubrimiento de prueba es consustancial con el derecho de todo acusado a defenderse en un proceso criminal en su contra.[39]

Sin embargo, el derecho al descubrimiento de prueba a favor del acusado no es absoluto. Los límites a este derecho están esbozados en la Regla 95 de las de Procedimiento Criminal, con el fin de desalentar las expediciones de pesca.[40] La norma general es que antes del juicio no existe un derecho constitucional a descubrir prueba. La excepción a esta norma es cuando se trata **de prueba exculpatoria, pues con ella se activa la protección constitucional del debido proceso de ley**.[41]

En lo pertinente, el inciso (b) de la Regla 95 de las de Procedimiento Criminal, **le impone el deber al Ministerio Público de revelar toda la prueba exculpatoria que posea**.[42] La prueba exculpatoria es aquella que le resulte favorable al acusado y sea relevante a la culpabilidad y castigo.[43] Ello debido a que existe un interés apremiante en presentarle al juzgador de los hechos toda prueba significativa dirigida a probar la inocencia de un acusado.[44] Más bien, lo anterior le provee al acusado los medios necesarios para carearse con los testigos de cargo e impugnarlos de manera apropiada.[45] Asimismo, si el Ministerio Público **incumple con este deber** y oculta, suprime u omite prueba exculpatoria, **incurre en**

---

[38] Constitución de Puerto Rico Art. II sec. 7, 1 LPRA Art. II, sec. 7.
[39] *Pueblo v. Arzuaga*, 160 DPR 520, 530 (2003); *Pueblo v. Santa-Cruz*, 149 DPR 223, 231 (1999).
[40] 34 LPRA Ap. II. Véase, además *Pueblo v. Arzuaga, supra*, pág. 530; *Pueblo v. Echevarría Rodríguez I*, 128 DPR 299, 324 (1991).
[41] *Pueblo v. Arzuaga, supra*, pág. 535. (énfasis nuestro).
[42] (énfasis nuestro).
[43] *Pueblo v. Echevarría Rodríguez I, supra*, pág. 333.
[44] *Pueblo v. Santiago Cruz y en interés Menor FLR*, 205 DPR 7 (2020); *Pueblo v. Rodríguez Sánchez*, 109 DPR 243, 247 (1979).
[45] Id.

**una violación al debido proceso de ley**.[46] Tal incumplimiento podría acarrear la revocación de la convicción y la celebración de un nuevo juicio, pero ello dependerá de la relevancia y materialidad de la evidencia suprimida.[47]

**- III -**

Esencialmente, los señores **COLÓN ALVARADO** y **MORALES ALVARADO** recurren ante este Tribunal de Apelaciones punteando que el Estado le ha violentado su derecho al debido proceso de ley, pues se rehusó a revelar "prueba exculpatoria" que demuestra que las construcciones por las cuales fueron contratados son ilegales, pues carecen de los permisos necesarios en ley.[48] Añadieron que, esa información era de conocimiento de la señora Colón Vega y esta nunca la suministró a los señores **COLÓN ALVARADO** y **MORALES ALVARADO**.

Por su parte, **EL PUEBLO DE PUERTO RICO** resaltó que al momento en que se presentaron los pliegos acusatorios estos no tenían en su poder la resolución administrativa dictada el **30 de agosto de 2023**, en la cual se determinó que las construcciones no contaban con los permisos gubernamentales. Asimismo, adujo que el hecho de que las construcciones contratadas no pudieran efectuarse por carecer de los permisos concernientes no constituye óbice para la instalación de las placas fotovoltaicas, detalle que no cuestionaron ni explicaron. Manifestó además que, no existe controversia en cuanto a la existencia de un contrato de obra y sin mediar violencia ni intimidación los señores **COLÓN ALVARADO** y **MORALES ALVARADO** se apropiaron de la cantidad de $33,159.50 por obras no realizadas. Aseguró que ello, por sí solo, es suficiente con respecto a los elementos del delito de fraude en la ejecución de obra.

---

[46] *Pueblo v. Arzuaga*, supra, pág. 536. (énfasis nuestro).
[47] *Id.*, pág. 539.
[48] Véase Apéndice de la *Petición de Certiorari*, págs. 13- 18. Debemos precisar que dicho documento **no** estaba accesible al momento del descubrimiento de prueba en junio de 2023.

Habida cuenta de que el recurso ante nuestra consideración se trata de un *Certiorari*, este Tribunal de Apelaciones debe determinar, como cuestión de umbral, si procede su expedición. Tal y como hemos expuesto, un tribunal intermedio no intervendrá con el ejercicio de la discreción de los Tribunales de Primera Instancia, salvo que se demuestre que hubo un craso abuso de discreción, o actuó con prejuicio o parcialidad, o se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y nuestra intervención en esa etapa evitará un perjuicio sustancial.

Consideramos que la etapa del procedimiento en que se presenta este recurso de *Certiorari* no es la más propicia para nuestra intervención. Los señores **COLÓN ALVARADO** y **MORALES ALVARADO** tampoco han demostrado que el foro *a quo* actuó con pasión, prejuicio, parcialidad o que incurrió en error manifiesto. En conclusión, nada en el expediente nos convenció para utilizar nuestra función revisora en esta etapa de los procedimientos.

**- IV -**

Por los fundamentos antes expuestos, ***denegamos*** la expedición del auto de *Certiorari* incoado el 17 de enero de 2024 por los señores **VICMARIE COLÓN ALVARADO** y **FRANCISCO J. MORALES ALVARADO**.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones