Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL II

| EL PUEBLO DE PUERTO RICO<br><br>Parte Recurrida<br><br>v.<br><br>MOISÉS SERRANO DE JESÚS<br><br>Parte Peticionaria | TA2026CE00001 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm. K VI2024G0021 y otros<br><br>Sobre: Art. 93 CP 1er. Grado y otros |

Panel integrado por su presidenta la Jueza Cintrón Cintrón, el Juez Rodríguez Flores y la Jueza Díaz Rivera.

Rodríguez Flores, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 27 de enero de 2026.

Comparece el señor Moisés Serrano De Jesús (Sr. Serrano o peticionario) y solicita que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia (TPI), Sala de San Juan, que denegó la moción de desestimación al amparo de la Regla 64 (p) de Procedimiento Criminal, *infra,* presentada por el peticionario.

El Sr. Serrano plantea que hubo ausencia total de prueba en la vista preliminar que lo conectara con los delitos imputados y la intención o negligencia criminal.

En el ejercicio de nuestra discreción, y a la luz de la **transcripción que el peticionario unió a su recurso,** en particular, **del testimonio del principal testigo de cargo y coautor con inmunidad,** declinamos a intervenir con lo actuado por el TPI.

**I.**

Por hechos ocurridos el 29 de julio de 2022, y luego de la correspondiente vista preliminar, el TPI encontró causa probable para acusar al Sr. Serrano por cuatro cargos de infracción al Art. 93

(asesinato en primer grado) y un cargo por infracción al Art. 249 (disparar en ligar público) del Código Penal de Puerto Rico de 2012; un cargo por infracción al Art. 6.05 (portación, transportación o uso de un arma de fuego sin licencia) y cuatro cargos por infracción al Art. 6.14 (disparar un arma de fuego) de la Ley de Armas de Puerto Rico.

Posteriormente, y conforme solicitado en una *Primera moción de desestimación al amparo de la Regal 64 (p) de Procedimiento Criminal,* y con la anuencia del Ministerio Público, el TPI dictó sentencia el 20 de noviembre de 2024, y desestimó el cargo imputado al Sr. Serrano por infracción al Art. 6.05 de la Ley de Armas de Puerto Rico (portación, transportación o uso de un arma de fuego sin licencia), debido a que de la prueba surgió que el Sr. Serrano poseía licencia de armas válida al momento de los hechos.

Ahora bien, en una *Segunda moción de desestimación al amparo de la Regla 64 (p) de Procedimiento Criminal,* la Defensa del Sr. Serrano arguyó que hubo ausencia total de prueba en la vista preliminar que conectara a su representado con los restantes delitos imputados y la intención o negligencia criminal.  Para sustentar su teoría, la Defensa recurrió al testimonio del principal testigo de cargo y coautor con inmunidad, Sr. Pablo Jonuel Fuentes Morales (testigo Fuentes).

La Defensa aseveró que las declaraciones del testigo Fuentes no demostraron que el Sr. Serrano hubiese participado en la reunión en la que se planificaron los hechos del presente caso, que resultaron en la muerte de cuatro personas. La Defensa también adujo en su moción de desestimación que la declaración del testigo Fuentes no estableció el Honda Civic -en el que se encontraba el Sr. Serrano- hubiese seguido a los demás vehículos al lugar a donde se dirigían -Residencial Quintana ubicado en el Sector Playita– donde ocurrieron las detonaciones y muertes.

Según se argumentó en la moción de desestimación, la participación del Sr. Serrano se limitó a tres eventos, consistentes en: (1) preguntarle al testigo Fuentes por las llaves de un carro; (2) llegar al estacionamiento del Colegio Santo Domingo Savio, y (3) estar presente en otra reunión en "La Granja" – posterior a la previamente mencionada, al regresar del Residencial Quintana. Por ello, arguyó que el Ministerio Público no demostró que el Sr. Serano hubiera sido partícipe los actos delictivos.

La Defensa incluyó un análisis del Art. 43 y 44 del Código Penal de 2012, sobre autoría, y aseveró que la mera presencia del Sr. Serrano las dos reuniones y en los lugares mencionados por el testigo Fuentes, no convertía al acusado en coautor de los delitos imputados. Amparado en ello, la Defensa solicitó al TPI que desestimara los cargos por violaciones a los Artículos 93 y 249 del Código Penal de 2012, así como la infracción al Art. 6.14 de la Ley de Armas de Puerto Rico.

El Ministerio Público presentó la *Oposición a Solicitud de desestimación al amparo de la Regla 64 (p) de Procedimiento Criminal.* En ella, incluyó su propio recuento de los hechos y el derecho relacionado con la jurisprudencia interpretativa atinente a la vista preliminar, la Regla 64 (p) de Procedimiento Criminal y el derecho a la confrontación. En particular, distinguió la figura de la autoría del delito de conspiración y afirmó que el Sr. Serrano participó de los asesinatos imputados en calidad de rescate, por lo que debía mantenerse la determinación de causa probable para acusar por los delitos comprendidos en los Artículos 93 y 249 del Código Penal de 2012, así como la infracción al Art. 6.14 de la Ley de Armas. A tales efectos, argumentó que el Sr. Serrano tuvo dos funciones durante la omisión de los actos delictivos, consistentes en: (1) servir de armero de la preparación del equipo necesario para realizar la masacre en cuanto a los rifles, y (2) servir de apoyo

logístico en el contexto de brindar la seguridad a los sujetos activos, de que había apoyo para rescatarlos y brindarle resguardo.

Evaluados los escritos de las partes, el 3 de octubre de 2025, notificada el 7 de octubre de 2025, el TPI dictó la *Resolución* objeto de este recurso, mediante la cual denegó la *Segunda moción de desestimación al amparo de la Regla 64 (p) de Procedimiento Criminal* presentada por la Defensa del Sr. Serrano. El TPI resolvió que durante la vista preliminar quedó demostrada la conexión entre el Sr. Serrano y los delitos imputados conforme a los Artículos 93 y 249 del Código Penal de 2012 y el Art. 6.14 de la Ley de Armas.

En su fundamentado dictamen, el TPI coligió que el testimonio del testigo Fuentes había demostrado que el Sr. Serrano, en su función de presunto líder de la organización de la FARC, llamó e instruyó al Sr. Serrano a ir al *chalet* de Shangai a limpiar y aceitar las armas que fueron posteriormente descritas en el relato de los hechos ocurridos en el Residencial Quintana. Mencionó que del testimonio de Fuentes también surgió que el Sr. Serrano había arreglado un *spring* de una de las armas que limpiaron, que éste llamó al testigo para asignarle un vehículo Mercedes color negro y que se reunió con los demás líderes de la organización antes de salir en dirección al Residencial Quintana. Por ello, el TPI concluyó que el Sr. Serrano, como coautor, contribuyó directamente en la consumación del delito que resultó en la muerte de las cuatro víctimas.

Además, el TPI razonó que el acto anterior y simultáneo del Sr. Serrano de conducir el vehículo de rescate, el Honda Civic color negro, desde la salida de La Granja detrás de los demás vehículos y, tras culminar los eventos en el residencial Quintana que resultaron en la muerte de las cuatro víctimas, conducir el mismo vehículo de regreso a La Granja, ayudó a que los autores directos consumaran el delito. Indicó que tal participación indirecta del Sr. Serrano en el

hecho punible fue ejecutada de manera consciente e intencional, y formó parte del concierto y común acuerdo, conspiración o designio común creado con los demás acusados. De tal forma, el TPI sostuvo la determinación de causa probable realizada en vista preliminar por los delitos de violación a los Artículos 93 y 249 del Código Penal de 2012 y el Art. 6.14 de la Ley de Armas.

El Sr. Serrano presentó una moción de reconsideración, a la que se opuso el Ministerio Público. El 3 de diciembre de 2025, notificada el 5 de diciembre de 2025, el TPI declaró no ha lugar a la moción de reconsideración del Sr. Serrano.

El 4 de enero de 2026, el Sr. Serrano incoó el presente recurso, en el que reproduce lo planteado en la segunda moción de desestimación. En específico, apuntó el siguiente señalamiento de error:

> Incidió el Tribunal de Primera Instancia de Puerto Rico, Sala Superior de San Juan (Hon. Nerisvel C. Durán Guzmán, Jueza), al declarar No Ha Lugar la Segunda Moción de Desestimación al Amparo de la Regla 64 (P) de las de Procedimiento Criminal radicada por el peticionario, a pesar de que en la celebración de la vista preliminar hubo ausencia total de prueba que lo conectara con los delitos imputados.

**II.**

**A.**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[1]

Para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento[2], se justifica nuestra intervención. Estos criterios son:

---

[1] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

[2] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

**B.**

La Regla 23 de Procedimiento Criminal, 34 LPRA Ap. II, R. 23, exige celebrar una vista preliminar en todos los casos de delito grave. En esta vista adversativa inicial se debe determinar que existe causa probable respecto a dos asuntos: (1) que se cometió el delito grave imputado, (2) que la persona imputada lo cometió.[3] El quantum de prueba requerido es el de la *scintilla* de evidencia.[4]

El acusado puede solicitar la desestimación de la acusación o de la denuncia o de cualquier cargo antes de iniciado el juicio. La desestimación solo procederá por alguno de los fundamentos establecidos en la Regla 64 de Procedimiento Criminal. El inciso (p) permite solicitar la desestimación cuando no se determinó causa probable por un magistrado o no se ordenó la detención con arreglo a la ley y al derecho. 34 LPRA Ap. II, R. 64 (p).

Según la Regla 64 (p), se puede invocar la desestimación de la acusación en dos escenarios particulares. Primero, en aquellas

---

[3] *Pueblo v. Negrón Nazario,* 191 DPR 720, 732 (2014).
[4] *Pueblo v. Martínez Hernández,* 208 DPR 872, 881 (2022).

circunstancias en las que se determine causa probable para acusar, a pesar de la ausencia total de prueba sobre alguno de los elementos del delito imputado o de su conexión con el acusado. Segundo, cuando se haya infringido alguno de los requisitos o derechos procesales que se deben observar durante la vista preliminar.[5] Ambos fundamentos requieren una demostración clara del error que se imputa al magistrado, pues toda determinación de causa probable para acusar goza de una presunción de corrección.[6] En este contexto, la celebración de la vista al amparo de la Regla 64 (p) de Procedimiento Criminal, *supra,* es discrecional.[7]

El magistrado que evalúe una moción de desestimación al amparo de la Regla 64 (p) de Procedimiento Criminal debe tener presente que no se trata de una nueva determinación de causa probable.[8] El análisis adecuado para resolver la moción de desestimación al amparo de la mencionada regla requiere examinar la prueba de cargo y defensa vertida en la vista preliminar. Evaluada exclusivamente tal prueba, el magistrado debe determinar si ésta "establece la *probabilidad* de que estén presentes *todos* los elementos; a saber, la probabilidad de que se haya cometido [el] delito imputado. Concomitante a dicho examen, debe determinar si hay prueba que *probablemente* conecte al imputado con el delito probablemente cometido". (Cursivas en el original).[9]

Solamente procederá declarar con lugar la moción de desestimación al amparo del inciso (p) de la Regla 64 cuando haya ausencia total de prueba sobre la probabilidad de que estén presentes y probados uno, varios o todos los elementos del delito

---

[5] *Pueblo v. Guadalupe Rivera,* 206 DPR 616, 626 (2021); *Pueblo v. Negrón Nazario,* supra, pág. 735; *Pueblo v. Rivera Vázquez,* 177 DPR 868, 878 (2010).
[6] *Pueblo v. Negrón Nazario,* supra; *Pueblo v. Rivera Vázquez,* supra.
[7] *Pueblo v. Rodríguez Ríos,* 136 DPR 685, 691 (1994).
[8] *Pueblo v. Negrón Nazario,* supra, pág. 736.
[9] *Pueblo v. Rivera Alicea,* 125 DPR 37, 43 (1989). Véase, además, *Pueblo v. Negrón Nazario,* supra; *Pueblo v. Rivera Vázquez,* supra, pág. 879.

imputado o la conexión del imputado con tal delito.[10]  El hecho de que a juicio del magistrado la prueba presentada demuestre con igual probabilidad la comisión de un delito distinto al imputado, no debe dar base a una desestimación.[11]

### III.

Evaluados los argumentos formulados por el Sr. Serrano, así como la **transcripción que el peticionario unió a su recurso,** en particular, **del testimonio del principal testigo de cargo y coautor con inmunidad,** hemos determinado, en el ejercicio de nuestra discreción, no intervenir con la resolución recurrida.

Al declarar no ha lugar la moción de desestimación presentada, el TPI hizo un integral y justo balance de todos los criterios estatutarios y jurisprudenciales pertinentes para resolver el reclamo.  En nuestro ejercicio revisor no hemos detectado que el TPI hubiera actuado movido por prejuicio ni de manera imparcial, así tampoco que haya incurrido en un error manifiesto en la aplicación de la norma jurídica.

De la prueba desfilada, en particular, del relato del testigo Fuentes -destacado por la Defensa del Sr. Serrano- no es posible concluir que estamos ante una situación de ausencia total de prueba sobre los elementos de los delitos imputados. De lo declarado por el testigo Fuentes en la vista preliminar, el TPI podía razonablemente concluir que hubo una *scintilla* de prueba que estableció que se cometió un delito y la conexión del Sr. Serrano con éste.

En conclusión, el peticionario no derrotó la presunción de corrección de la determinación de causa probable. Como hemos mencionado, para la determinación de causa probable es suficiente

---

[10] *Pueblo v. Rivera Vázquez,* supra; *Pueblo v. Rivera Alicea,* supra; *Pueblo v. Rodríguez Ríos,* supra; *Vázquez Rosado v. Tribunal Superior,* 100 DPR 592, 594 (1972).
[11] *Pueblo v. Rivera Alicea,* supra.

que se haya presentado una *scintilla* de prueba para establecer que, probablemente, el acusado cometió el delito imputado. En esta etapa, no es necesario establecer la culpabilidad del acusado más allá de duda razonable.

Así pues, ante la ausencia de justificación para intervenir con la determinación a la que arribó el TPI, declinamos ejercer nuestra función discrecional revisora y denegamos la expedición del auto de *certiorari*.

**IV.**

Por los fundamentos antes expuestos, denegamos el auto de *certiorari*.

**Notifíquese inmediatamente.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones