<table>
<tr><td colspan="3" align="center">Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL ESPECIAL</td></tr>
<tr>
<td>EL PUEBLO DE PUERTO RICO<br><br>RECURRIDOS<br><br>v.<br><br>YAHAIRA VALENTÍN ANDRADES<br><br>PETICIONARIA</td>
<td>KLCE202400618<br><br><br>Consolidado con</td>
<td>*Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Salón 201<br><br>Criminal Núm.: ISCR202300912-913<br><br>Sobre:<br>Art. 262 y Art. 264 CP 2012</td>
</tr>
<tr>
<td>EL PUEBLO DE PUERTO RICO<br><br>RECURRIDOS<br><br>v.<br><br>JOSÉ G. RODRÍGUEZ RODRÍGUEZ<br><br>PETICIONARIO</td>
<td>KLCE202400629</td>
<td>Criminal Núm.: ISCR202300910-911<br><br>Sobre:<br><br>Art. 262 y Art. 264 CP 2012</td>
</tr>
</table>

Panel integrado por su presidenta, la Juez Ortiz Flores, la Juez Brignoni Mártir y el Juez Candelaria Rosa.

Brignoni Mártir, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 12 de julio de 2024.

Recurren ante nos Yahaira Valentín Andrades (en adelante, "señora Valentín") y José Guillermo Rodríguez Rodríguez (en lo sucesivo, "señor Rodríguez"), mediante los recursos de *certiorari*: **KLCE202400618** y **KLCE202400629** respectivamente. Sus comparecencias son a los fines de solicitar nuestra intervención para que dejemos sin efecto la determinación emitida el 13 de marzo de 2024 y notificada el 15 de marzo de 2024, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez. Mediante el referido dictamen, el foro recurrido declaró *No Ha Lugar* tanto la "*Moción De Desestimación Al Amparo De La Regla 64 (P) De Procedimiento Criminal*," presentada por el señor Rodríguez, como el "*Escrito Solicitud De Desestimación Al Amparo De La Regla 64p De Las*

Número Identificador

SEN-RES2024 _____

*De Procedimiento Criminal Por Determinación De Causa Contraria A Derecho Y/O Ausencia Total De Prueba*," presentado por la señora Valentín.

Por los fundamentos que expondremos, *denegamos* los recursos presentados.

**I.**

Por los hechos ocurridos en el mes de marzo del año 2016, el Ministerio Público por conducto de la Oficina del Fiscal Especial Independiente (FEI), presentó contra la señora Valentín y el señor Rodríguez dos (2) denuncias por los mismos dos (2) delitos. La primera de ellas, por el delito del incumplimiento del deber, según dispuesto en el Art. 262 del Código Penal de Puerto Rico, 33 LPRA sec. 5353. La segunda, por el delito de malversación de fondos públicos, según dispuesto en el Art. 264(b) del Código Penal de Puerto Rico, 33 LPRA sec. 5355. Posteriormente, se celebró la vista preliminar de los casos de epígrafe. Ésta ocurrió en las siguientes fechas: 15 y 17 de agosto de 2023; 2 y 6 de octubre de 2023; 2 y 3 de noviembre de 2023. En dicha vista, el Ministerio Público sostuvo la procedencia de los cargos imputados con la presentación de evidencia documental y las declaraciones de tres (3) testigos.[1]

Celebrada la vista, el foro recurrido, encontró causa para acusar a la señora Valentín y al señor Rodríguez de los delitos imputados. A esos efectos, el Ministerio Público presentó acusaciones contra la señora Valentín y el señor Rodríguez. Estas fueron por infracción al Art. 262 del Código Penal de Puerto Rico, *supra* y al Art. 264(b) del Código Penal de Puerto Rico, *supra.* En desacuerdo con sus acusaciones, la señora Valentín y el señor Rodríguez presentaron mociones de desestimación.

En el caso del señor Rodríguez (**KLCE2024-0629)**, el 15 de diciembre de 2023, se presentó una "*Moción De Desestimación Al Amparo De La Regla 64 (P) De Procedimiento Criminal.*" En esta, alegó

---

[1] Señalamos, que el señor Rodríguez y la señora Valentín, sostienen que estas tres (3) personas declararon en calidad de peritos. Mientras que el Ministerio Público argumenta que solo una (1) de ellas fue calificada como tal.

que la determinación de causa probable para acusar fue contraria a derecho, y que existió ausencia total de prueba de varios de los elementos que configuran los dos (2) delitos por los cuales fue acusado. Para sustentar su posición, adujo que incidió el foro recurrido al no tomar conocimiento judicial sobre unos hechos importantes, y al descartar del conocimiento judicial otros hechos para los cuales previamente había tomado conocimiento. Añadió que el tribunal de instancia no aplicó correctamente el concepto de pertinencia dispuesto en la Regla 401 de las Reglas de Evidencia de Puerto Rico, según enmendadas, 32 LPRA Ap. VI, R. 401. Agregó, que el foro recurrido no admitió prueba en su favor, a pesar de su derecho a presentar dicha prueba, según establece la Regla 23 de las Reglas de Procedimiento Criminal, según enmendadas, 34 LPRA Ap. II, R. 23. En particular, según argumentó, el referido foro negó la admisibilidad de dos (2) carpetas que contenían informes rendidos por la Oficina del Contralor de Puerto Rico. Sostuvo, que los aludidos informes apoyarían su defensa de exclusión de responsabilidad penal, según contenida en el Artículo 30(b)(4) del Código Penal de Puerto Rico, 33 LPRA sec. 5043.

Además, arguyó que no se configuró uno de los elementos objetivos del delito dispuesto en el Artículo 262 del Código Penal de Puerto Rico, *supra*. Planteó, que este es un delito que tiene el concepto de pérdida como consecuencia y ello no ocurrió en el presente caso toda vez que los fondos públicos en cuestión fueron recuperados. A su vez, argumentó que no se cumplió con ninguno de los elementos subjetivos de los delitos por los cuales fue acusado. Esto, dado a que, no actuó con intención. En cambio, según esgrimió, dentro de su gestion laboral impartió instrucciones legítimas; recibió el asesoramiento de personas capacitadas; los fondos públicos fueron depositados en una institución reconocida y bajo las protecciones requeridas; y dichos fondos fueron recibidos por el municipio de una forma fragmentada e insuficiente para la obra que se habían asignado.

En respuesta, el 31 de enero de 2024, el Ministerio Público presentó una "*Moción En Oposición A Moción De Desestimación Al Amparo De La Regla 64(P) De Procedimiento Criminal.*" De entrada, argumentó que el escrito del señor Rodríguez no cumplía con la Regla 64 (p) de las Reglas de Procedimiento Criminal, 34 LPRA Ap. II, R. 64. Esto, toda vez que, presentó la petición de desestimación a solo siete (7) días de la fecha designada para juicio, sin justa causa para ello. En cuanto a los méritos de la desestimación, sostuvo que el único propósito de los fondos públicos asignados al Municipio de Mayagüez era la construcción de un Centro de Trauma.  A tenor de lo anterior, alegó que los actos delictivos se configuraron en el momento en que los referidos fondos públicos fueron utilizados para una inversión. Ello, dado que, al invertirse dichos fondos se cambió el propósito para el cual fueron destinados. Además, alegó que plantear que los referidos fondos fueron recuperados, constituía una admisión del señor Rodríguez de que efectivamente estos se perdieron. De otra parte, indicó que los hechos que el señor Rodríguez pretendía que fueran tomados en conocimiento judicial, no cumplen con lo dispuesto en la Regla 201 de las Reglas de Evidencia de Puerto Rico, según enmendadas, 32 LPRA AP VI, R. 201. Finalmente, sostuvo que los informes rendidos por la Oficina del Contralor de Puerto Rico, los cuales el señor Rodríguez intentó que fueran admitidos en evidencia, no cumplían con el estándar de pertinencia dispuesto en la Regla 401 de las Reglas de Evidencia de Puerto Rico, *supra*. Así pues, peticionó al foro recurrido que se mantuviera la determinación de causa probable para acusar.

En cuanto al caso de la señora Valentín (**KLCE202400618**), el 26 de diciembre de 2023, ésta presentó un escrito intitulado "*Escrito Solicitud De Desestimación Al Amparo De La Regla 64p De Las De Procedimiento Criminal Por Determinación De Causa Contraria A Derecho Y/O Ausencia Total De Prueba.*" En esencia, planteó que la determinación de causa probable para acusar fue contraria a derecho, y se dictaminó ante

ausencia total de prueba. Ello, dado que, el Ministerio Público no logró establecer los elementos subjetivos requeridos para los delitos por los cuales se le acusó. Sostuvo, que ambos delitos tienen como elemento mental la intención, lo cual no se logró configurar en su caso. Toda vez que, sus actuaciones fueron dirigidas por las instrucciones del señor Rodríguez en calidad de alcalde del Municipio de Mayagüez; trabajó bajo el curso regular de sus funciones como directora de finanzas del referido municipio; y realizó una inversión legítima, la cual fue efectuada con el asesoramiento de personas que tenían el conocimiento legal y financiero para ello.

Agregó, que a este caso también le era de aplicabilidad la relación de causalidad que se establece en el Artículo 7 del Código Penal de Puerto Rico, 33 LPRA, sec. 5007. Esto, dado que, medió la actuación fraudulenta y engañosa de terceras personas. De otra parte, argumentó que el foro recurrido incidió al rechazar la toma de conocimiento de judicial de unos hechos para los cuales el Ministerio Público no tenía objeción. En virtud de lo expuesto, solicitó a dicho foro que desestimara las dos (2) acusaciones en su contra.

En reacción, el 31 de enero de 2024, el Ministerio Público presentó una "*Oposición A Moción Al Amparo De La Regla 64(p) De Procedimiento Criminal Presentada Por La Acusada.*" En síntesis, adujo que la prueba presentada cumplió con el estándar requerido para establecer causa probable para acusar. A tenor de ello, reiteró que logró demostrar que al Municipio de Mayagüez le fue entregada una cantidad monetaria, por medio de tres (3) Resoluciones Conjuntas, a los fines de completar dos (2) etapas del Centro de Trauma de Mayagüez. Por lo cual, distinto a lo argumentado por la señora Valentín, se hizo una inversión ilegal de fondos restringidos. Añadió, que las personas con las cuales se gestionó la inversión, quienes a su vez eran contratistas del aludido municipio, ni siquiera cumplían con las credenciales necesarias para ello.

En cuanto al elemento subjetivo de los delitos por los cuales se acusó a la señora Valentín, indicó que ella tenía conocimiento de la prohibición que existía de no utilizar los fondos desembolsados para propósitos distintos al asignado por ley. Ante ello, según arguyó, al momento de que la señora Valentín se alejó del propósito destinado para los fondos públicos en cuestión, cometió los delitos dispuestos en el pliego acusatorio. De otra parte, contrario a los argüido por la señora Valentín, sostuvo que objetó los hechos para los que ella pretendía que se tomara conocimiento judicial, toda vez que estos no cumplían con los requisitos dispuestos en la Regla 201 de las Reglas de Evidencia de Puerto Rico, *supra.* Particularmente, entiende que dichos hechos no eran de conocimiento general dentro de la jurisdicción territorial del Tribunal y tampoco susceptibles de corroboración inmediata y exacta mediante fuentes cuya exactitud no puede ser razonablemente cuestionada. A la luz lo expuesto, solicitó al foro recurrido que se mantuviera inalterada la determinación de causa probable para acusar.

En atención a los escritos presentados, el 15 de marzo de 2024, el foro recurrido notificó una "*Resolución*," para ambos casos de epígrafe. Mediante esta, declaró *No Ha Lugar* tanto la "*Moción De Desestimación Al Amparo De La Regla 64 (P) De Procedimiento Criminal*," presentada por el señor Rodríguez, como el "*Escrito Solicitud De Desestimación Al Amparo De La Regla 64p De Las De Procedimiento Criminal Por Determinación De Causa Contraria A Derecho Y/O Ausencia Total De Prueba*, presentado por la señora Valentín. En consecuencia, ordenó la continuación de los procedimientos.

Inconformes, el 1 de abril de 2024, la señora Valentín y el señor Rodríguez, presentaron de forma oportuna solicitudes de reconsideración. El 3 de mayo de 2024, el foro recurrido notificó a los acusados que sus peticiones fueron declaradas *No Ha Lugar*. Aun inconformes, el 3 de junio de 2024, el señor Rodríguez y la señora Valentín, presentaron sus respectivos recursos de *certiorari.*

El señor Rodríguez (**caso**: **KLCE202400629)**, esbozó en su recurso el siguiente señalamiemto de error:

Cometió error el TPI al declarar sin lugar la moción de desestimación que presentó el peticionario, luego de demostrársele que a nivel de vista preliminar se habían incumplido con varios de los requisitos de ley que gobiernan la determinación de causa probable a nivel de vista preliminar, así como que existía en la prueba que presentó el MP una asuencia toal de varios de los elementos que configuran los delitos tipificados en los Arts. 262 y 264(b) del Código Penal, además no había causalidad y estaba el eximente de respinsabilidad bajo el Art. 30 (b) (4) del Código Penal.

Por su parte, la señora Valentín, (**caso: KLCE202400618)**, expuso en su recurso los siguientes señalamientos de error:

Erró el honorable tribunal de instancia al declarar No Ha Lugar la desestimación al amparo de la Regla 64P a pesar de que hubo ausencia total de prueba del elemento subjetivo requerido por los artículos 262 y 264 del Código Penal del 2012.

Erró el honorable tribunal de primera instancia al declarar No ha Lugar la desestimación al amparo de la Regla 64P, a pesar de que la prueba presentada no fue suficiente en dicha etapa para adjudicar responsabilidad penal a la Sra. Yahaira Valentín Andrades.

Erró el honorable tribunal de primera instancia al declarar No ha Lugar la desestimación al amparo de la Regla 64 P a pesar de que la determinación de causa es una contraria a derecho toda vez que el tribunal en vista preliminar se negó a tomar conocimiento judicial y no adjudicó la petición de la defensa en contravención a las disposiciones de la Regla 103 y 201 de Evidencia y el derecho que poseen los imputados de presentar prueba a su favor.

Posteriormente, el 20 de junio de 2024, ambos recursos de *certiorari* fueron consolidados por este Tribunal, dado que, recurren de una misma "*Resolución.*" Así las cosas, el 10 de julio de 2024, la Oficina del Fiscal Especial Independiente (FEI), presentó ante nos una "*Oposición a Expedición de Certiorari.*" Con el beneficio de la comparecencia de ambas partes, procedemos a disponer de los recursos que nos ocupan.

**II.**

**A.     Recurso de *Certiorari*:**

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

A pesar de la amplitud de errores que pueden ser revisados mediante el *certiorari* este auto sigue siendo un recurso discrecional y los tribunales debemos utilizarlo con cautela y por razones de peso. *Íd.*, pág. 918. Las resoluciones u órdenes dictadas por los tribunales de primera instancia son revisables ante este Tribunal de Apelaciones, mediante el recurso de *certiorari*. Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201-2003, según enmendada, 4 LPRA sec. 24y.

La Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de certiorari. Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 209 (2023). La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *Íd.*; *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra,* dispone los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

**B.     Vista Preliminar:**

La vista preliminar es un procedimiento anterior al juicio mediante el cual se determina si hay causa probable para acusar a un imputado de delito grave. E. L. Chiesa Aponte, *Derecho procesal penal de Puerto Rico y Estados Unidos,* 1era ed., Colombia, Editorial Forum, 1993, Vol. III, pág. 63. Se trata de un procedimiento de origen estatutario que se encuentra delimitado en la Regla 23 de Procedimiento Criminal, *supra*; *Pueblo v. Andaluz Méndez*, 143 DPR 656, 661 (1997); *Pueblo v. Martínez Torres,* 116 DPR 793, 801 (1986). El objetivo principal de la vista preliminar es evitar que una persona sea sometida en forma arbitraria e injustificada a los rigores de un procedimiento criminal. *Pueblo v. García Saldaña*, 151 DPR 783, 788 (2000); *Pueblo v. Ortiz Rodríguez*, 149 DPR 363, 374 (1999); *Pueblo v. Rodríguez Aponte,* 116 DPR 653, 665 (1985). De forma similar a toda determinación judicial, la determinación de causa probable para acusar goza de una presunción de corrección. *Pueblo v. Nieves Cabán*, 201 DPR 853, 866 (2019); *Pueblo v. González Pagán*, 120 DPR 684, 687 (1988).

En esta etapa del procedimiento no se hace una adjudicación en los méritos sobre la culpabilidad del imputado, pues no se trata de un mini juicio. *Pueblo v. Negrón Nazario*, 191 DPR 720, 733 (2014); *Pueblo v. Rivera Cuevas*, 181 DPR 699, 706 (2011). Por tanto, no hace falta cumplir con un riguroso *quantum* de prueba más allá de duda razonable, el cual se requiere en el juicio. *Pueblo v. Rodríguez Aponte*, supra, pág. 664. Si bien el ministerio público tiene la obligación de presentar evidencia y la obligación de persuadir al magistrado de la existencia de causa probable para acusar al imputado, se trata de una carga moderada. Chiesa Aponte, op. Cit., pág. 89. Dicha carga se satisface con aquella prueba que justifique someter al imputado a juicio por delito grave, en el sentido de que el Ministerio Público cuenta con evidencia que, de ser creída por el juzgador, establezca los elementos del delito y la conexión del imputado con el mismo. *Pueblo v. Rivera Vázquez*, 177 DPR 868, 875 (2010);

*Pueblo v. Ríos Alonso*, 149 DPR 761, 766-767 (1999); *Pueblo v. Rodríguez Aponte*, supra*,* pág. 663-664; Chiesa Aponte, op. Cit., pág. 90.

En otras palabras, basta que el Ministerio Público presente durante la vista preliminar una *scintilla* de evidencia en la cual pueda apoyarse una determinación *prima facie* de que se cometió un delito y que con toda probabilidad el imputado lo cometió. *Pueblo v. Rivera Cuevas*, supra*,* pág. 707; *Pueblo v. Pillot Rentas,* 169 DPR 746, 751 (2006*); Pueblo v. Rodríguez Aponte,* supra, pág. 664*.* En síntesis, para que la determinación de causa probable se haga conforme a la ley y al Derecho, el juicio del tribunal debe basarse en alguna prueba que demuestre que existe causa probable para creer que el acusado cometió el delito. *Vázquez Rosado v. Tribunal Superior*, 100 DPR 592, 594 (1972). A esos efectos, el Ministerio Publico no viene obligado a presentar toda la prueba en su poder, sino que puede utilizar aquella que estime suficiente para sustentar su argumento de que existe causa para acusar, siempre y cuando se trate de prueba que podrá ser admisible en el juicio. *Pueblo v. Rivera Vázquez*, supra, pág. 876.

**C.    Moción para desestimar la acusación o denuncia, Regla 64 (p) de las Reglas Procedimiento Criminal, *supra*.**

Nuestro ordenamiento procesal criminal, mediante la Regla 64 (p), *supra*, permite a una persona imputada de delito solicitar la desestimación de la denuncia o acusación. *Pueblo v. Branch*, 154 DPR 575, 584 (2001). Dicha desestimación procede en las siguientes instancias: (1) cuando la parte promovente de la solicitud demuestra que en la vista hubo ausencia total de prueba sobre la existencia de causa probable para creer que el imputado cometió el delito por el cual es procesado, y (2) cuando se ha incumplido con los requisitos de ley y jurisprudenciales que gobiernan la determinación de causa probable. *Íd*, pág. 584-585. La solicitud de desestimación es un remedio que solo puede ser invocado por la persona acusada, y de no peticionarlo, se entiende renunciado. *Pueblo v. Tribunal Superior*, 104 DPR 454, 458 (1975). Esta solicitud le permite a la referida persona acusada intentar rebatir la presunción de corrección de la

determinación de causa probable, en aquellas instancias en que entienda que el Estado no cumplió con su deber en esa etapa. *Pueblo v. Nieves Cabán*, supra, pág. 866-867. En otras palabras, dicha moción de desestimación constituye el remedio procesal adecuado para lograr la desestimación de la acusación o de alguno de los cargos incluidos en esta. *Pueblo v. Negrón Nazario,* supra, pág. 734-735.

**III.**

En esencia, la señora Valentín y el señor Rodríguez alegan que sus respectivas determinaciones de causa probable para acusar son contrarias a derecho, y fueron dictaminadas a pesar de que hubo ausencia total de prueba con respecto al elemento subjetivo que requieren los artículos 262 y 264 del Código Penal del 2012. La señora Valentín aduce que el Juez que presidió la vista preliminar incidió al descartar hechos adjudicativos que previamente se habían probado mediante conocimiento judicial. Todo ello, en contravención de su derecho a presentar prueba en su favor. Indica también que la prueba presentada por el Ministerio Público no fue suficiente para cumplir con el estándar probatorio para acusar. Finalmente, aduce que el Municipio de Mayagüez fue víctima de actos fraudulentos de terceras personas.

Por su parte, el señor Rodríguez, de forma similar argumenta, que incidió el foro recurrido al no tomar conocimiento judicial de unos hechos para los cuales se había provisto la información suficiente para que fueran acogidos por dicho tribunal. De igual modo, aduce que el referido foro erró al descartar, al momento de emitir su dictamen, hechos de los cuales se había tomado conocimiento judicial. Añade, que los Informes rendidos por la Oficina del Contralor eran pertinentes, y el tribunal de instancia erró al no admitirlos en evidencia. A su vez, agrega que no se cumplieron con los elementos subjetivos de los delitos por los cuales fue acusado. De igual manera, plantea que no se cumple con el concepto de causalidad requerido por nuestro ordenamiento penal. Toda vez que, fueron las actuaciones voluntarias de terceras personas lo que dio paso a la

existencia de una malversación de fondos públicos en el Municipio de Mayagüez. Finalmente, arguye que a su caso le es de aplicabilidad el eximente de responsabilidad penal contenido en el Art. 30 (b)(4) del Código Penal de Puerto Rico, *supra.*

Conforme fue expuesto, la determinación de causa probable para acusar goza de una presunción de corrección. A esos efectos, la persona acusada tiene el peso de la prueba para demostrar que se le infringió algún derecho o que hubo ausencia total de prueba sobre alguno de los elementos de los delitos por los cuales se encontró causa. Además, según reseñamos, la carga probatoria del Ministerio Público para esta etapa de los procesos se resume en una *scintilla* de evidencia. Dicha evidencia debe establecer los elementos del delito y la conexión del imputado con este. En otras palabras, el objetivo de la vista preliminar se circunscribe en comprobar si el Ministerio Público tiene justificación para continuar con el proceso judicial. Por lo cual, la vista preliminar no tiene un elevado estándar probatorio que le convierta en un mini juicio. Entiéndase, en la referida vista solo se requiere que se demuestre prueba suficiente para continuar con los procedimientos, lo cual no es equivalente a una adjudicación final del caso.

Luego de evaluar de forma detallada y cuidadosa la totalidad del expediente ante nos, y de escuchar detenidamente el audio de la vista preliminar con el testimonio de la perita auditora que fue vertido en ella, concluimos que tanto la señora Valentín como el señor Rodríguez, no lograron rebatir la presunción de corrección de la determinación de causa probable para acusar. A su vez, determinamos que ambos casos no cumplen con ninguno de los criterios de la Regla 40, *supra,* que nos mueva a expedir los recursos de *certiorari* y variar la determinación del tribunal de instancia. Por consiguiente, nos abstenemos de intervenir con el dictamen recurrido. Reiteramos que en esta etapa de los procedimientos no se adjudica de forma definitiva la responsabilidad de

los aquí acusados. Por lo cual, le corresponderá al Ministerio Público en el juicio probar su caso más allá de duda razonable.

**IV.**

Por los fundamentos expuestos, d*enegamos* los recursos de *certiorari* presentados.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

El juez Candelaria Rosa concurre sin escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones