Por lo tanto, confirmaríamos su nota denegatoria.[39]

EL PUEBLO DE PUERTO RICO, recurrido, *v.* JOSÉ RUBÉN RODRÍGUEZ RÍOS, acusado peticionario.

*Número:* CE-94-237          *Resuelto:* 1 de agosto de 1994

---

*Rafael Anglada López* y *Rosa I. Ward Cid*, abogados de la parte peticionaria; *Pedro A. Delgado Hernández, Procurador General, Carlos Lugo Fiol, Subprocurador General*, y *Ada Ileana Oquendo Graulau, Procuradora General Auxiliar*, abogados de El Pueblo.

PER CURIAM: Revisamos, mediante el mecanismo procesal decisorio de la orden de mostrar causa, la negativa del Tribunal Superior de Puerto Rico, Sala de San Juan,[1] de entrar a considerar una moción que el aquí peticionario Rodríguez Ríos radicara ante dicho foro judicial al amparo de las disposiciones del inciso (p) de la Regla 64 de Procedimiento Criminal, 34 L.P.R.A. Ap. II; fundamentado dicho rechazo de plano en que, alegadamente, dicho foro no tenía autoridad para entender en la referida moción por razón de que la determinación de causa probable "en alzada" había sido realizada por un juez de igual categoría y que dicha

---

[1] Hon. Miguel A. Rivera Arroyo, Juez Superior.

determinación de causa probable "en alzada" sólo podía ser revisada por este Tribunal.

## I

Contra el peticionario José Rubén Rodríguez Ríos se determinó *causa probable para arresto* en relación con unos delitos de asesinato en primer grado, robo, tentativa de robo, conspiración e infracción a los Arts. 6, 6A y 8 de la Ley de Armas de Puerto Rico, 25 L.P.R.A. secs. 416, 416a y 418. Señalada, y celebrada, la vista preliminar que establece la Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, la Sala de Vistas Preliminares del Tribunal de Distrito de Puerto Rico determinó *inexistencia* de causa probable.

Inconforme, el Ministerio Fiscal acudió "en alzada" ante el Tribunal Superior de Puerto Rico, Sala de San Juan; conforme así lo autoriza la Regla 24(c) de Procedimiento Criminal, 34 L.P.R.A. Ap. II. El caso le fue asignado a la Hon. Ygrí Rivera de Martínez, Juez Superior. Dicha magistrado, luego de celebrada la referida "vista en alzada", determinó *causa probable* por los delitos antes mencionados contra el aquí peticionario Rodríguez Ríos.

Radicados los correspondientes pliegos acusatorios, la representación legal del mencionado peticionario radicó, entre otras, una moción al amparo de las disposiciones del inciso (p) de la Regla 64 de Procedimiento Criminal, ante. El asunto le fue asignado al Hon. Miguel A. Rivera Arroyo, Juez Superior. Conforme surge de la "minuta" que recoge los procedimientos acaecidos ante el foro de instancia, el día señalado para la vista y discusión de la referida moción, el Juez Rivera Arroyo expresó:

> El Tribunal hace constar que hay dos mociones, *una de la Regla 64–P*, donde están cuestionando la disposición de la Juez Ygrí Rivera de Martínez en cuanto a la Vista Preliminar en Alzada, *la cual se declara sin lugar. Por ser un Tribunal de igual categoría no puede resolver, tienen que ir al Tribunal Su-*

*premo para apelar esa decisión.* (Énfasis suplido.) Minuta de 21 de marzo de 1994, pág. 1.

Inconforme, José Rubén Rodríguez Ríos compareció ante este Tribunal, vía *certiorari,* en revisión de la antes mencionada determinación, imputándole al tribunal de instancia haber violado "el derecho del imputado a que la decisión de [c]ausa [p]robable en su contra sea revisada mediante la provisión dispuesta por las Reglas de Procedimiento Criminal". Alegato del peticionario, pág. 12.

Mediante Resolución de 6 de abril de 1994, le concedimos término al Procurador General de Puerto Rico para que mostrara causa:

> ... por la cual este Tribunal no deba expedir el auto solicitado y dictar Sentencia revocatoria de la resolución recurrida.[2]

El Procurador General ha comparecido. En su comparecencia *admite* que el tribunal de instancia se equivocó al determinar que estaba impedido de entender en la moción radicada bajo la Regla 64(p) de Procedimiento Criminal, ante, por el fundamento de que la determinación de causa probable había sido realizada por un juez de "igual jerarquía". *Le asiste la razón al peticionario Rodríguez Ríos y al Procurador General de Puerto Rico; esto es, procede revocar la resolución recurrida según intimáramos en la orden de mostrar causa emitida.* Publicamos la presente ponencia con el propósito de aclarar, *y reiterar,* la normativa al respecto.

## II

■ Una lectura integral de las Reglas de Procedimiento Criminal vigentes es todo lo que se necesita para poder uno percatarse del hecho de que dichas disposiciones

---

[2] Procede señalar, en adición, que el Tribunal, en auxilio de su jurisdicción, ordenó la paralización de los procedimientos a nivel de instancia hasta que otra cosa dispusiera.

reglamentarias tienen el propósito, *entre otros y en lo pertinente*, de que una persona no sea sometida a un juicio en los méritos a menos que exista prueba que demuestre que hay "causa probable" para creer que se ha cometido un delito y que el acusado cometió el mismo; esto es, que el Estado cuenta con prueba, en relación con todos los elementos del delito imputado, y que existe la probabilidad de que el acusado cometió el mismo. *Pueblo v. Rivera Alicea*, 125 D.P.R. 37 (1989); *Vázquez Rosado v. Tribunal Superior*, 100 D.P.R. 592 (1972).

■ A esos efectos, las citadas Reglas de Procedimiento Criminal le brindan, tanto al Ministerio Fiscal como al imputado de delito, la *oportunidad de cuestionar* la determinación de causa probable, o causa por un delito menor incluido, o, por el contrario, la determinación de inexistencia de causa probable, según sea el caso. En lo *pertinente* al asunto ante nuestra consideración —esto es, en relación al procesamiento de una persona por la supuesta comisión de un delito grave— el Estado tiene derecho a cuestionar, al amparo de las disposiciones de la Regla 24 de Procedimiento Criminal, ante, una determinación de inexistencia de causa, o causa probable por un delito menor incluido, que haga un magistrado bajo las disposiciones de la Regla 23 de Procedimiento Criminal, 34 L.P.R.A. Ap. II, mediante la radicación de una solicitud de "vista en alzada" ante el Tribunal *Superior* de Puerto Rico; debiendo mantenerse presente que la determinación de causa, o de inexistencia de la misma, que haga el Tribunal Superior en la vista preliminar "en alzada" *no* es revisable ante este Tribunal. *Pueblo v. Cruz Justiniano*, 116 D.P.R. 28 (1984); *Pueblo v. Opio Opio*, 104 D.P.R. 165 (1975); *Pueblo v. Tribunal Superior*, 95 D.P.R. 412 (1967).

■ Ahora bien, determinada causa probable, al amparo de la citada Regla 23 de Procedimiento Criminal, por el delito grave por el magistrado del Tribunal de *Distrito* de Puerto Rico, y radicado el correspondiente pliego acusato-

rio por el Ministerio Fiscal ante el Tribunal Superior, el inciso (p) de la Regla 64 de Procedimiento Criminal, ante, provee el mecanismo procesal mediante el cual el imputado de delito puede cuestionar la referida determinación de causa probable. Dispone el citado inciso (p) de la Regla 64 de Procedimiento Criminal, en lo pertinente, que dicho imputado podrá solicitar la *desestimación* de la acusación contra él radicada por el fundamento de que

> ... se ha presentado contra el acusado una acusación o denuncia, o algún cargo de las mismas, *sin que* se hubiere determinado causa probable por un magistrado u ordenado su detención para responder del delito, *con arreglo a la ley y a derecho*. (Énfasis suplido.)

■ Hemos resuelto que en la vista a ser celebrada por el Tribunal Superior al amparo de las disposiciones del transcrito inciso (p) de la Regla 64 de Procedimiento Criminal, ante —la celebración de la cual, dicho sea de paso, es discrecional, *Pueblo v. Tribunal Superior*, ante, pág. 459— el juez que presida la misma *no* está autorizado para sustituir el criterio del juez que presidió la vista preliminar y que determinó causa probable. *Rabell v. Alcaides*, 104 D.P.R. 96 (1975). Esto es, únicamente procederá declarar con lugar la moción de desestimación bajo el inciso (p) de la citada Regla 64 "cuando haya carencia absoluta de prueba tendiente a demostrar que existe tal causa probable para creer que se ha cometido un delito y que el acusado lo cometió". *Vázquez Rosado v. Tribunal Superior*, ante, pág. 594.

## III

Como surge de la relación que de los hechos hiciéramos, el juez de instancia entendió que no tenía facultad para entender en la moción radicada al amparo de las disposiciones del inciso (p) de la Regla 64 de Procedimiento Criminal, ante, por el fundamento de que no tenía autoridad para "revisar" la determinación de causa probable "en al-

zada" que se había llevado a cabo por tratarse de jueces de "igual categoría"; por otro lado, dictaminó que la determinación de causa probable "en alzada" sólo podía ser revisada, vía *certiorari*, por este Tribunal. *Erró al así resolver.*

En primer lugar, y como expresáramos anteriormente, constituye *norma reiterada* que la determinación de causa probable, o de inexistencia de la misma, que realice un juez del Tribunal Superior de Puerto Rico en la vista preliminar "en alzada", *no* es revisable ante este Tribunal vía *certiorari. Pueblo v. Cruz Justiniano*, ante; *Pueblo v. Opio Opio*, ante; *Pueblo v. Tribunal Superior*, ante.

En segundo término, el juez que actúa y preside una vista bajo el citado inciso (p) de la Regla 64 de Procedimiento Criminal *no* "revisa" al juez que determinó causa probable en la vista "en alzada", *Vázquez Rosado v. Tribunal Superior*, ante, *Pueblo v. Rivera Alicea*, ante, razón por la cual poco importa que se trate de magistrados de "igual categoría". *Por otro lado*, parece ser obvio que el hecho de que el Estado haya hecho uso del derecho que le concede la citada Regla 24 de Procedimiento Criminal de solicitar una vista "en alzada", *no puede tener la consecuencia de privar al imputado de delito de ejercitar el derecho que le concede el referido inciso (p) de la Regla 64 de Procedimiento Criminal de cuestionar si la determinación de causa probable para acusar fue hecha "con arreglo a la ley y a derecho".*

Por los fundamentos antes expuestos, *se expide el auto y se dicta sentencia revocatoria de la resolución emitida en el presente caso por el Tribunal Superior de Puerto Rico, Sala de San Juan; devolviéndose el caso a dicho foro judicial para procedimientos ulteriores consistentes con lo aquí resuelto.*

El Juez Asociado Señor Negrón García concurrió con el resultado sin opinión escrita.