Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>JOSÉ A. RAMOS LÓPEZ<br><br>Peticionario | KLCE202500191 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: J FJ2024G0019<br><br>Sobre: Art. 284 CP |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores

Rodríguez Flores, juez ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 6 de marzo de 2025.

El peticionario, señor José A. Ramos López (en adelante, Sr. Ramos López), solicita que revoquemos la *Resolución* emitida el 7 de enero de 2025, y notificada el 8 de enero de 2025, por el Tribunal de Primera Instancia (en adelante, TPI), Sala Superior de Ponce.  En el dictamen, el TPI declaró *no ha lugar* sendas mociones de desestimación promovidas por el Sr. Ramos López al amparo de la Regla 64 (a) y (p) de Procedimiento Criminal, 34 LPRA Ap. II, R. 64 (a) y (p), respectivamente, en el proceso criminal seguido en su contra por infracción al Artículo 284 del *Código Penal de Puerto Rico,* Ley Núm. 146-2012, según emendado, 33 LPRA sec. 5377.

Examinado el recurso, y de conformidad con la discreción que nos confiere la Regla 7(B)(5) de nuestro Reglamento, 4LPRA Ap. XXII-B, R. 7(B)(5), denegamos la expedición del auto de *certiorari* sin trámite ulterior.

### I.

El 2 de octubre de 2024, el Ministerio público formuló una denuncia contra el Sr. Ramos López por infracción al Artículo 284

del *Código Penal de Puerto Rico,* supra, sobre *conspiración, amenazas o atentados contra funcionarios del sistema de justicia o sus familiares.* Al Sr. Ramos López se le imputó que, en o para el 24 de septiembre de 2024, aproximadamente a las 6:20 de la mañana, "ilegal, voluntaria, maliciosa y criminalmente cometió el delito de amenaza en la persona de Deshley Díaz López, placa núm. 15331, quien es oficial correccional, consistente en que el imputado le manifestó "para qué carajos tienes las luces encendidas, apágalas, no te queremos aquí, hija de la gran puta, a ti hay que matarte". Sintiendo ésta temor por su vida y seguridad. Esto como consecuencia de un procedimiento que la oficial realizó o ha realizado en el ejercicio de las funciones de su cargo.[1]

En la vista preliminar celebrada el 13 de noviembre de 2024, luego de escuchar el testimonio de la oficial correccional Deshley Díaz López, el TPI enmendó la denuncia a los efectos de eliminar la palabra "amenaza" y determinó causa probable para acusar al Sr. Ramos López por el delito imputado. El texto de la acusación expresa que el Sr. Ramos López "ilegal, voluntaria, maliciosa y criminalmente cometió delito en la persona de Deshley Díaz López, placa núm. 15331, quien es oficial correccional, consistente en que el imputado le manifestó "para qué carajos tienes las luces encendidas, apágalas, no te queremos aquí, hija de la gran puta, a ti hay que matarte". Sintiendo ésta temor por su vida y seguridad. Esto como consecuencia de procedimiento que la oficial realizó o ha realizado en el ejercicio de las funciones de su cargo".[2]

El 19 de diciembre de 2024, la defensa del Sr. Ramos López presentó dos mociones en las que solicitó la desestimación del caso amparado en los siguientes fundamentos de la Regla 64 de Procedimiento Criminal, 34 LPRA Ap. II, R. 64: (1) que la acusación

---

[1] *Denuncia,* Apéndice del recurso, pág. 1.
[2] *Acusación, Íd.,* pág. 5.

no imputa delito (inciso (a) de la Regla) y, (2) que se ha presentado en su contra una acusación sin que se hubiere determinado causa probable por un magistrado con arreglo a la ley y a derecho (inciso (p) de la Regla).

En cuanto a la solicitud fundamentada en la Regla 64(a), la defensa planteó que, al haberse eliminado del texto de la acusación la palabra "amenaza", se debió indicar el alegado delito cometido por el Sr. Ramos López y que, al no haberse incluido, faltó uno de los elementos del delito, circunstancia que justificaba la desestimación de la acusación. La solicitud al amparo de la Regla 64 (p) se fundamentó en los mismos argumentos.

En oposición a las mociones de desestimación, el Ministerio Público aseguró que imputó correctamente el delito o violación de ley en la acusación y que presentó prueba suficiente sobre los elementos del delito imputado y la conexión del acusado con éste.

En la resolución dictada el 7 de enero de 2025, el TPI comparó el lenguaje del Artículo 284 con la redacción de la acusación presentada y concluyó que la acusación contiene todos los elementos que configuran una infracción al Artículo 284 del Código Penal. Así también, coligió que la defensa no expresó fundamentos específicos que llevaran al tribunal a concluir que hubo ausencia total de prueba sobre algún elemento del delito. En consecuencia, el TPI declaró no ha lugar las mociones de desestimación promovidas por el Sr. Ramos López al amparo de la Regla 64 (a) y (p) de Procedimiento Criminal.

La solicitud de reconsideración fue denegada mediante resolución emitida y notificada el 27 de enero de 2025.

Inconforme, el 26 de febrero de 2025, el Sr. Ramos López instó el presente recurso y apuntó los siguientes señalamientos de error:

> PRIMER ERROR: Cometió grave error de derecho el Tribunal de Primera Instancia al denegar la solicitud para la desestimación de la acusación por alegada

infracción al [A]rtículo 284 del Código Penal, a pesar de que el pliego acusatorio no imputa delito al no alegar de modo específico el delito alegadamente cometido por el peticionario contra la oficial de custodia. Al haber determinado causa probable por un delito distinto al imputado en la denuncia, la omisión de alegar uno de los elementos del delito vulnera, además, el principio de legalidad.

SEGUNDO ERROR: Erró el foro de instancia al denegar la solicitud para la desestimación de la acusación basada en que la determinación de causa probable fue contraria a derecho ya que en la vista preliminar al determinarse causa probable por un delito distinto al imputado, no se especificó en qué consistía la conducta delictiva, elemento indispensable para que se configure una violación al [A]rtículo 284 del Código Penal.

TERCER ERROR: Al peticionario se le han vulnerado los derechos al debido proceso de ley, a estar adecuadamente informado de la naturaleza y extensión del delito que le ha sido imputado y a preparar su defensa al ser juzgado a base de una acusación insuficiente que no alega el delito presuntamente cometido.

## II.

### A.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[3]

No obstante, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, se justifica nuestra intervención. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

---

[3] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

De no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

**B.**

Para que una persona pueda ser castigada criminalmente, al momento de llevar a cabo el acto delictivo debe haber contado con un aviso adecuado sobre la conducta prohibida y la pena que conlleva. El propósito de esta norma es limitar la facultad punitiva del Estado y evitar su ejercicio arbitrario. El principio de legalidad es el conjunto de garantías dirigidas a cumplir con ese propósito y está basado en la máxima de que no hay delito, ni pena sin una ley previa.[4] El principio de legalidad se encuentra estatuido en el artículo 2 del *Código Penal de Puerto Rico*, 33 LPRA sec. 5002.

El principio de legalidad no se formaliza cuando una persona de inteligencia ordinaria tiene que realizar un esfuerzo hermenéutico propio de juristas para conocer la conducta vedada. Una persona de inteligencia ordinaria debe poder entender razonablemente la conducta prohibida. No obstante, la claridad sobre los elementos constitutivos de delito no equivale a que la ley esté exenta de interpretación judicial. Todas las leyes, incluso las más claras, requieren de algún grado de interpretación. Las leyes penales no son la excepción. Los tribunales están obligados a aplicar los principios de hermenéutica, cuando tienen duda de lo que constituye delito. La ley penal tiene que interpretarse de la forma

---

[4] *Pueblo v. Reyes Carrillo*, 207 DPR 1056, 1064 (2021); *Pueblo v. Plaza Plaza*, 199 DPR 276, 281 (2017).

que mejor responda a sus propósitos y analizarse en consonancia con el propósito social que la inspira y en sintonía con la realidad y el problema humano que persigue resolver. Los tribunales tienen que dar un sentido lógico a las diferentes disposiciones de la ley y suplir las posibles deficiencias cuando sea necesario. El Derecho ha de servir propósitos útiles y evitar una interpretación tan literal que lleve a resultados absurdos.[5]

La Regla 34(a) de Procedimiento Criminal, 34 LPRA Ap. II, R. 34, define la acusación como la alegación escrita que el fiscal hace al Tribunal de Primera Instancia imputándole a una persona la comisión de un delito. A su vez, la Regla 35 de Procedimiento Criminal dispone, específicamente, lo que habrá de contener una acusación o denuncia para cumplir con los preceptos constitucionales.

## C.

La Regla 23 de Procedimiento Criminal, 34 LPRA Ap. II, R. 23, exige celebrar una vista preliminar en todos los casos de delito grave. En esta vista adversativa inicial se debe determinar que existe causa probable respecto a dos asuntos: (1) que se cometió el delito grave imputado, (2) que la persona imputada lo cometió.[6] El quantum de prueba requerido es el de la *scintilla* de evidencia.[7]

El acusado puede solicitar la desestimación de la acusación o de la denuncia o de cualquier cargo antes de iniciado el juicio. La desestimación solo procederá por alguno de los fundamentos establecidos en la Regla 64 de Procedimiento Criminal. El inciso (a) permite solicitar la desestimación, cuando la acusación o denuncia no imputa delito y el (p), cuando no se determinó causa probable

---

[5] *Pueblo v. Reyes Carrillo,* supra, págs. 1065-1066.
[6] *Pueblo v. Negrón Nazario,* 191 DPR 720, 732 (2014).
[7] *Pueblo v. Martínez Hernández*, 208 DPR 872, 881 (2022).

por un magistrado o no se ordenó la detención con arreglo a la ley y al derecho.  34 LPRA Ap. II, R. 64 (p) y (a).

Según la Regla 64 (p), se puede invocar la desestimación de la acusación en dos escenarios particulares.  Primero, en aquellas circunstancias en las que se determine causa probable para acusar, a pesar de la ausencia total de prueba sobre alguno de los elementos del delito imputado o de su conexión con el acusado.  Segundo, cuando se haya infringido alguno de los requisitos o derechos procesales que se deben observar durante la vista preliminar.[8]  Ambos fundamentos requieren una demostración clara del error que se imputa al magistrado, pues toda determinación de causa probable para acusar goza de una presunción de corrección.[9]  En este contexto, la celebración de la vista al amparo de la Regla 64 (p) de Procedimiento Criminal, *supra,* es discrecional.[10]

El magistrado que evalúe una moción de desestimación al amparo de la Regla 64 (p) de Procedimiento Criminal debe tener presente que no se trata de una nueva determinación de causa probable.[11]  El análisis adecuado para resolver la moción de desestimación al amparo de la mencionada regla requiere examinar la prueba de cargo y defensa vertida en la vista preliminar.  Evaluada exclusivamente tal prueba, el magistrado debe determinar si ésta "establece la *probabilidad* de que estén presentes *todos* los elementos; a saber, la probabilidad de que se haya cometido [el] delito imputado.  Concomitante a dicho examen, debe determinar si hay prueba que *probablemente* conecte al imputado con el delito probablemente cometido".  (Cursivas en el original).[12]

---

[8] *Pueblo v. Guadalupe Rivera,* 206 DPR 616, 626 (2021); *Pueblo v. Negrón Nazario,* supra, pág. 735; *Pueblo v. Rivera Vázquez,* 177 DPR 868, 878 (2010).
[9] *Pueblo v. Negrón Nazario,* supra; *Pueblo v. Rivera Vázquez,* supra.
[10] *Pueblo v. Rodríguez Ríos,* 136 DPR 685, 691 (1994).
[11] *Pueblo v. Negrón Nazario,* supra, pág. 736.
[12] *Pueblo v. Rivera Alicea,* 125 DPR 37, 43 (1989).  Véase, además, *Pueblo v. Negrón Nazario,* supra; *Pueblo v. Rivera Vázquez,* supra, pág. 879.

Solamente procederá declarar con lugar la moción de desestimación al amparo del inciso (p) de la Regla 64 cuando haya ausencia total de prueba sobre la probabilidad de que estén presentes y probados uno, varios o todos los elementos del delito imputado o la conexión del imputado con tal delito.[13] El hecho de que a juicio del magistrado la prueba presentada demuestre con igual probabilidad la comisión de un delito distinto al imputado, no debe dar base a una desestimación.[14]

**D.**

El Artículo 284 del *Código Penal de Puerto Rico*, Ley 146-2012, según emendado, 33 LPRA sec. 5377, tipifica el delito de *conspiración, amenazas o atentados contra funcionarios del sistema de justicia o sus familiares.* El Artículo expresa que:

> Toda persona que conspire, amenace, atente o cometa un delito contra la persona o propiedad de un policía, alguacil, oficial de custodia, agente del Negociado de Investigaciones Especiales, agente investigador u otro agente del orden público, fiscal, procurador de menores, procurador de asuntos de familia, juez, o cualquier otro funcionario público relacionado con la investigación, arresto, acusación, procesamiento, convicción o detención criminal, contra los familiares dentro del cuarto grado de consanguinidad o segundo de afinidad de estos funcionarios, y tal conspiración, amenaza, tentativa de delito contra la persona o propiedad surgiere en el curso o como consecuencia de cualquier investigación, procedimiento, vista o asunto que esté realizando o haya realizado en el ejercicio de las responsabilidades oficiales asignadas a su cargo, será sancionada con pena de reclusión por un término fijo de tres (3) años.

**III.**

En síntesis, el Sr. Ramos López alega que la acusación no imputa un delito y que se presentó en su contra la acusación sin que se hubiera determinado causa probable por un magistrado con arreglo a la ley y a derecho.

---

[13] *Pueblo v. Rivera Vázquez,* supra; *Pueblo v. Rivera Alicea,* supra; *Pueblo v. Rodríguez Ríos,* supra; *Vázquez Rosado v. Tribunal Superior,* 100 DPR 592, 594 (1972).
[14] *Pueblo v. Rivera Alicea,* supra.

Tras considerar los argumentos formulados por el Sr. Ramos López, a la luz de los criterios de la Regla 40 de nuestro Reglamento, *supra,* resolvemos que no encontramos indicio alguno que justifique nuestra intervención con el dictamen recurrido.

Al declarar no ha lugar la moción de desestimación presentada, el TPI hizo un integral y justo balance de todos los criterios estatutarios y jurisprudenciales pertinentes para resolver el reclamo. En nuestro ejercicio revisor no hemos detectado que el TPI hubiera actuado movido por prejuicio ni de manera imparcial, así tampoco que haya incurrido en un error manifiesto en la aplicación de la norma jurídica.

Así pues, ante la ausencia de justificación para intervenir con la determinación a la que arribó el TPI, declinamos ejercer nuestra función discrecional revisora y denegamos la expedición del auto de *certiorari.*

**IV.**

En virtud de lo anterior, denegamos la expedición del auto de *certiorari.*

Notifíquese inmediatamente.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones