ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>YADDIEL RAFAEL CRUZ TORRES<br><br>Peticionario | TA2025CE00867 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aibonito<br><br>Sobre: Art. 3.1 Ley 54<br><br>Caso Núm. B LE2025G0170 |
|---|---|---|

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón.

Rodríguez Casillas, juez ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 27 de marzo de 2026.

Comparece ante nos, el Sr. Yaddiel Rafael Cruz Torres (en adelante, "señor Cruz Torres" o "Peticionario"), para que revisemos la *Resolución* emitida y notificada el 20 de octubre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Aibonito (en adelante, "tribunal de instancia" o "TPI"). Mediante esta, se declaró *No Ha Lugar* la *Moción al amparo de la Regla 64p de las de Procedimiento Criminal* en la cual el **señor Cruz Torres** solicitó la desestimación de la acusación por ausencia total de prueba.

Evaluada la totalidad del expediente, **denegamos** la expedición del auto de *certiorari* solicitado.

**-I-**

El caso de autos se originó el **9 de marzo de 2025**, ocasión en que el Ministerio Público (en adelante, "MP" o "parte recurrida") presentó dos *Denuncias* por violación a los Arts. 3.1 y 3.2(J) de la Ley 54 de 1989, conocida como *Ley para la Prevención e Intervención con la Violencia Doméstica* (en adelante, "Ley 54"), infra,[1] en contra del **señor Cruz**

---

[1] Ley Núm. 54 de 15 de agosto de 1989, según enmendada. 8 L.P.R.A. sec. 601 *et seq.*

**Torres**. Según se desprende de las denuncias, el 8 de marzo de 2025, alegadamente ocurrió lo siguiente:

EL REFERIDO ACUSADO YADDIEL RAFAEL CRUZ TORRES ALLÁ EN O PARA EL DÍA 8 DE MARZO DE 2025 EN AIBONITO, PUERTO RICO, QUE FORMA PARTE DE LA JURISDICCIÓN DEL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE AIBONITO, A PROPÓSITO, CON CONOCIMIENTO, A SABIENDAS, ILEGAL, VOLUNTARIA, Y CRIMINALMENTE EMPLEÓ VIOLENCIA PSICOLÓGICA CONTRA AMANDA SOFIA LUNA MORALES, PERSONA CON QUIEN SOSTIENE UNA RELACIÓN CONSENSUAL Y HAN PROCREADO UN HIJO. CONSISTENTE DICHAS ACCIONES EN QUE EL ACUSADO EN MÚLTIPLES OCASIONES LA AMENAZA DE QUE SI ELLA TERMINA LA RELACIÓN ÉL SE VA A SUICIDAR. SINTIÉNDOSE LA PERJUDICADA AFLIJIDA POR LA CONDUCTA IMPROPIA DEL ACUSADO.[2]

EL REFERIDO ACUSADO YADDIEL RAFAEL CRUZ TORRES ALLÁ EN O PARA EL DÍA 8 DE MARZO DE 2025 EN AIBONITO, PUERTO RICO, QUE FORMA PARTE DE LA JURISDICCIÓN DEL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE AIBONITO, A PROPÓSITO, CON CONOCIMIENTO, A SABIENDAS, ILEGAL, VOLUNTARIA, Y CRIMINALMENTE EMPLEÓ VIOLENCIA PSICOLÓGICA CONTRA AMANDA SOFIA LUNA MORALES, PERSONA CON QUIEN SOSTIENE UNA RELACIÓN CONSENSUAL Y HAN PROCREADO UN HIJO. CONSISTENTE DICHAS ACCIONES EN QUE EL ACUSADO ENTRÓ A LA RESIDENCIA SIN AUTORIZACIÓN DE MANERA AGRESIVA, GRITANDO QUE SE IBA A LLEVAR AL BEBÉ DE 7 DÍAS DE NACIDO, PONIÉNDOSE ESTA NERVIOSA Y TEMIENDO POR SU SEGURIDAD Y LA DE SU BEBÉ, SINTIÉNDOSE LA PERJUDICADA AFLIGIDA Y TEMERASA POR LA CONDUCTA IMPROPIA DEL ACUSADO. HECHOS COMETIDOS CONTRA LA VÍCTIMA, SIENDO ESTA UNA PERSONA MENOR DE DIECISÉIS (16) AÑOS Y LA PERSONA AGRESORA SIENDO DE DIECIOCHO (18) AÑOS O MÁS.[3]

Aunque el **3 de junio de 2025**, se celebró la *Vista Preliminar* y se determinó que no existía causa probable para acusar por infracciones a los Artículos 3.1 y 3.2(J) de la Ley 54;[4] al día siguiente, el **MP** sometió una *Moción para Vista Preliminar en Alzada*.[5] Por lo que, el **8 de agosto de 2025**, se celebró la *Vista preliminar en alzada*,[6] y se determinó causa probable contra el **señor Cruz Torres** por infringir el Artículo 3.1 de la Ley 54.

---

[2] Anejo Núm. 3 del Sistema Unificado de Manejo y Administración de Casos (en adelante, "SUMAC").

[3] Anejo Núm. 4 en SUMAC.

[4] Anejo Núm. 5 en SUMAC.

[5] Anejo Núm. 6 de SUMAC.

[6] Anejo Núm. 7 de SUMAC.

De este modo, el **13 de agosto de 2025,** el **MP** presentó la *Acusación* en contra del **señor Cruz Torres** por el delito de Maltrato preceptuado en el Artículo 3.1 de la Ley 54.[7]

El **9 de septiembre de 2025**, el señor Cruz Torres radicó una *Moción al amparo de la Regla 64P de las de Procedimiento Criminal*.[8] Arguyó que, la evidencia desfilada era del delito de amenaza y que en ningún momento la víctima mencionó o infirió la palabra chantaje. En vista de ello, solicitó la desestimación de la acusación por haber ausencia total de los elementos en el Artículo 3.1 de la Ley 54.

Así las cosas, el **25 de septiembre de 2025**, el **MP** presentó su *Oposición a moción al amparo de la Regla 64 (p) de las de Procedimiento Criminal*.[9] Alegó que, en la vista preliminar se probó todos los elementos del delito por violación al Artículo 3.1 de la Ley 54; consistente en: **(1)** que hubo un daño psicológico y; **(2)** que eso afectó a la parte perjudicada. Agregó que, la moción presentada por el **señor Cruz Torres** carecía de fundamentos que demostraran que el tribunal de instancia erró.

El **20 de octubre de 2025**, se emitió una *Resolución* recurrida en la cual se declaró *No Ha Lugar* la *Moción al amparo de la Regla 64P de las de Procedimiento Criminal* radicada por el **señor Cruz Torres**.[10] En particular, el TPI expresó lo siguiente:

> [C]ontando con el beneficio de escuchar la Vista Preliminar en alzada, así como luego de evaluar las posturas de ambas partes, el Tribunal no sustituirá ni intervendrá con el criterio del Juez que presidió la Vista Preliminar en alzada. El Tribunal concluye que se pasó prueba de los elementos del Art. 3.1 de la Ley 54. Entiéndase se pasó prueba de la violencia psicológica y del grave daño emocional. En particular, el Tribunal entiende que se pasó prueba relativa a que el señor Cruz Torres chantajeaba a la alegada perjudicada al manifestarle que, si ella lo dejaba, él se iba a suicidar. Nótese que la alegada perjudicada testificó que cuando escuchó esas expresiones ella no supo qué hacer, tenía miedo y procedió a enganchar el teléfono[.]

El **31 de octubre de 2025**, el **señor Cruz Torres** sometió una *Moción de reconsideración* en la cual reiteró su argumentación previa. No

---

[7] Anejo Núm. 1 de SUMAC.
[8] Anejo Núm. 8 de SUMAC.
[9] Anejo Núm. 9 de SUMAC.
[10] Anejo Núm. 10 de SUMAC.

obstante, el **7 de noviembre de 2025**, el TPI dictó una *Resolución* declarando *No Ha Lugar* la moción de reconsideración de referencia.[11]

Inconforme, el **8 de diciembre de 2025**, el **señor Cruz Torres** presentó la *Petición de certiorari* que nos ocupa. Señaló la comisión de los siguientes errores:

1. Erró el Honorable Tribunal de Instancia al no desestimar la acusación por violación al Artículo 3.1 de la Ley 54 por Maltrato Psicológico, muy a pesar de hubo ausencia total de los elementos del delito. Dicha determinación, además, violenta el derecho constitucional a la libre expresión del acusado.
2. Erró el Honorable Tribunal de Instancia al no desestimar la acusación por violación al Artículo 3.1 de la Ley 54 por Maltrato Psicológico, muy a pesar de que la evidencia, como mucho, podría constituir una violación el Artículo 3.3 de la Ley 54.

El **12 de diciembre de 2025**, le concedimos un plazo de diez (10) días al **MP**, para expresarse sobre los méritos del recurso.

El **7 de enero de 2026**, el Gobierno de Puerto Rico, representado por la Oficina del Procurador General de Puerto Rico, presentó un *Escrito en cumplimiento de orden*.

Con el beneficio de la comparecencia de ambas partes, el **14 de enero de 2026**, dimos por perfeccionado el recurso para la consideración del Panel.

-II-

-A-

**Artículo 3.1 de la Ley Núm. 54**

La Ley Núm. 54, *supra*, tiene como fin propiciar el desarrollo, establecimiento y fortalecimiento de remedios eficaces para ofrecer protección y ayuda a las víctimas, alternativas para la rehabilitación de los ofensores y estrategias para la prevención de la violencia doméstica. Para esto, tipifica los delitos de Maltrato, Maltrato Agravado, Maltrato Mediante Amenaza, Maltrato Mediante Restricción de la Libertad y Agresión Sexual Conyugal y fija penalidades.

---

[11] Anejo Núm. 2 de SUMAC.

El Artículo 3.1 de la mencionada ley tipifica el delito de maltrato:

**Toda persona que empleare fuerza física o violencia psicológica o económica, intimidación o persecución** en la persona de su cónyuge, ex cónyuge, o la persona con quien cohabita o haya cohabitado, o la persona con quien sostuviere o haya sostenido una relación consensual, o la persona con quien haya procreado un hijo o hija, independientemente del sexo, estado civil, orientación sexual, identidad de género o estatus migratorio de cualquiera de las personas involucradas en la relación, **para causarle daño físico** a su persona, al animal de compañía o mascota de la víctima, de los hijos o del victimario, a los bienes apreciados por esta, excepto aquellos que pertenecen privativamente al ofensor, o a la persona de otro **o para causarle grave daño emocional**, incurrirá en delito grave de cuarto grado en su mitad superior. No será necesaria la prueba de un patrón de conducta para que se constituya el delito de maltrato. El tribunal podrá imponer la pena de restitución, además de la pena de reclusión establecida.
La violencia psicológica también ocurrirá cuando se utilice cualquier tipo de comunicación electrónica o digital, mediante mensajes de texto, correo de voz, correos electrónicos, o redes sociales, o cualquier otro medio digital, incluyendo sistemas de rastreo satelital, que tenga el efecto de acosar, perseguir, intimidar, o afligir a una persona con quien se sostiene o se haya sostenido una relación de pareja, o la persona con quien cohabita o haya cohabitado. Para que se constituya la violencia psicológica mediante violencia digital o cibernética, no será necesario la prueba de un patrón de conducta.[12]

En su interpretación del mencionado artículo, el Tribunal Supremo estableció que los elementos constitutivos delito son: (1) que se emplee fuerza física, violencia psicológica, persecución o intimidación; (2) que esa conducta se lleve a cabo contra una de las parejas o exparejas identificadas en la ley, y (3) que se haga con el propósito de causar algún daño físico a la persona, a sus bienes o a otra persona o para causarle grave daño emocional a la pareja o expareja.[13]

**-B-**

**Regla 23 de las de Procedimiento Criminal**

Sabido es que la vista preliminar para acusar o para juicio se origina mediante ley, en específico, emana de la Regla 23 de las de Procedimiento Criminal.[14] Así, la vista preliminar es considerada como el umbral del debido proceso de ley que es de génesis constitucional.

Por lo tanto, cuando un **imputado** es denunciado por cometer delitos de carácter grave opera la celebración de la vista preliminar bajo

---

[12] 8 L.P.R.A. sec. 632. Énfasis nuestro.
[13] *Pueblo v. Ayala García,* 186 DPR 196, 213 (2012).
[14] 34 L.P.R.A. Ap. II, R. 23.

la Regla 23 de las de Procedimiento Criminal. En ese sentido, la Regla 23 inciso (c) *supra*, le brinda al imputado de delito en esa etapa inicial el derecho a contrainterrogar y ofrecer prueba a su favor. En lo pertinente, dispone:

> (c) Procedimiento durante la vista. La vista iniciará con la presentación de la prueba del Ministerio Público. Éste pondrá a disposición de la persona imputada las declaraciones juradas de aquellos testigos que hayan declarado en la vista. La persona podrá contrainterrogar a estos testigos y ofrecer prueba a su favor. **Al hacer la determinación de causa probable, el tribunal tomará en cuenta la admisibilidad en el juicio de la evidencia presentada por el Ministerio Público sobre los elementos del delito y la conexión de la persona imputada con el delito**. [...] Énfasis nuestro.[15]

Cabe indicar que el propósito principal de la vista preliminar es **evitar que una persona sea sometida injustificadamente a los rigores de un proceso penal**.[16]  Entre otros criterios, ello se logra al exigirle al Estado que presente **alguna** prueba o **scintilla** de evidencia sobre los elementos constitutivos de delito y sobre la conexión del imputado con su comisión. Sumado a la oportunidad del imputado a contrainterrogar a los testigos de cargo y presentar prueba a su favor.[17]

en la decisión.

### -C-

### Regla 64(p) de las de Procedimiento Criminal

El remedio exclusivo que tiene el imputado o acusado ante una determinación de causa probable para arresto o para acusar, ya sea la vista inicial **o en vista en alzada**, es la desestimación al amparo de la Regla 64(p) de las de Procedimiento Criminal.[18]  A esos fines, esta regla establece que una acusación puede ser desestimada **si no se determinó causa probable** por un Magistrado con arreglo a ley y a derecho.[19]

En una moción de desestimación al amparo de la Regla 64 (p) *supra*, el imputado o acusado debe demostrar que está presente alguno

---

[15] 34 L.P.R.A. Ap. II, R. 23 (c).

[16] *Pueblo v. Rivera Cuevas, supra*, 707; *Pueblo v. Rivera Vázquez*, 177 D.P.R. 868, 875 (2010).

[17] *Pueblo v. Rivera Cuevas, supra*; *Pueblo v. Rivera Vázquez, supra, a la pág. 875.*

[18] Regla 64(p) de las de Procedimiento Criminal, 34 L.P.R.A. Ap. II, R. 64(p).

[19] *Pueblo v. Rivera Cuevas,* 181 D.P.R. 699, 707 (2011); *Pueblo v. Rivera Vázquez,* supra, págs. *877-878.*

de los dos (2) fundamentos que en ella se expresan. A saber, el primer fundamento reconocido es la **ausencia total de prueba** en la determinación de causa probable para acusar. En el segundo fundamento reconocido es preciso demostrar que **se infringió alguno de los requisitos o derechos procesales que se deben observar en dicha vista**. En ambos fundamentos requieren una demostración clara del error que se imputa al magistrado, pues toda determinación de causa probable para acusar goza de una **presunción de corrección**.[20]

Ahora, se debe recordar que esta audiencia no es una apelación, tampoco su propósito es recibir prueba que no se presentó en la vista preliminar. Reiteramos, lo que se debe determinar es —si en la vista inicial o la vista en alzada— hubo una situación de **ausencia total de prueba o se infringió alguno de los requisitos o derechos procesales que se deben observar en dicha vista**.[21]

En nuestro caso es de aplicación el primer fundamento sobre la **ausencia total de prueba**. El Tribunal Supremo ha resuelto que procede la desestimación al amparo de la mencionada regla si la parte promovente de la moción demuestra que en la vista celebrada hubo **ausencia total de prueba sobre la existencia de causa probable** para creer que el imputado cometió el delito que se le imputa.[22]

En esa situación de ausencia total de prueba, es que se permite que un juez apelativo intervenga con el criterio del juez que realizó tal determinación.[23]

**-D-**

**Regla 40 del Reglamento del Tribunal de Apelaciones**

Constituye un principio de derecho firmemente establecido que los tribunales apelativos no intervendrán con la apreciación de la prueba

---

[20] *Pueblo v. Rivera Cuevas,* supra, págs. 707-708; *Pueblo v. Rivera Vázquez,* supra, pág. 878, citando a *Pueblo v. Andaluz Méndez,* supra, pág. 662; *Pueblo v. Rivera Alicea,* 125 DPR 37, 42-43 (1989).

[21] Véanse, *Pueblo v. Rivera Cuevas,* supra*; Pueblo v. Rivera Vázquez,* supra*; Pueblo v. Rodríguez Ríos,* supra*; Vázquez Rosado v. Tribunal Superior,* 100 DPR 592, 594 (1972).

[22] *Pueblo v. Branch,* 154 DPR 575, 584 (2001).

[23] *Pueblo v. Rodríguez Ríos,* 136 DPR 685,691 (2001).

que realice un tribunal sentenciador en ausencia de elementos de pasión, prejuicio o parcialidad en su determinación. Este principio ha sido expresamente reiterado por el Tribunal Supremo al señalar que:

> Al revisar cuestiones de hecho en convicciones criminales, este Tribunal se ha guiado por un principio básico en nuestra jurisdicción: **la apreciación de la prueba corresponde al foro sentenciador y los tribunales apelativos sólo intervendrán con ella cuando exista error manifiesto, pasión, prejuicio o parcialidad.** [24]

La norma descansa en el hecho de que los foros de instancia están en mejor posición para evaluar la prueba desfilada, pues tienen la oportunidad de observar y escuchar a los testigos y, por ello, su apreciación merece gran respeto y deferencia.[25] Nuestra jurisprudencia ha sido enfática en que las determinaciones que hace el juzgador de los hechos, no deben ser descartadas arbitrariamente, ni tampoco deben sustituirse por el criterio de los tribunales apelativos, a menos que, de la prueba admitida surja que no existe base suficiente que apoye tal determinación.[26]

En ese contexto, la naturaleza discrecional del recurso de *certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones de los tribunales de instancia, de cuyas determinaciones se presume su corrección.

Dicho carácter discrecional ha sido reconocido en la propia Ley de la Judicatura de 2003, mediante la cual se incluye en la competencia del Tribunal de Apelaciones, el conocer en asuntos llevados ante su consideración *mediante auto de **certiorari expedido a su discreción de cualquier resolución u orden dictada por el Tribunal de Primera Instancia.*[27]

Además, con el fin de que el Tribunal de Apelaciones pueda ejercer —de una manera sabia su facultad discrecional para entender o no en los méritos de los asuntos que son planteados— mediante *certiorari*, la

---

[24] *Pueblo v. Maisonave Rodríguez,* 129 DPR 49, 62-63 (1991). Énfasis del caso.
[25] *Pueblo v. Acevedo Estrada,* 150 DPR 84, 98-99 (2000).
[26] *Pueblo v. Maisonave Rodríguez,* supra, pág. 62.
[27] 4 LPRA Secs. 24, 24(b).

Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que debemos tomar en consideración para expedir dicho auto.[28]

-III-

En esencia, el **Peticionario** nos señala que el TPI incidió al rehusar desestimar la acusación en su contra por violación al Artículo 3.1 de la Ley 54; arguye que: **(1)** hubo ausencia total de los elementos del delito; **(2)** la evidencia, como mucho, podía constituir una violación el Artículo 3.3 de la Ley 54. No tiene razón.

**En primer orden**, el TPI tuvo el beneficio de escuchar la Vista Preliminar en alzada, así como luego de evaluar las posturas de ambas partes, resolvió no sustituir ni intervenir con el criterio del Juez que presidió la Vista Preliminar en alzada, dado de que quedó convencido que el MP pasó prueba de los elementos del Art. 3.1 de la Ley 54. Entiéndase que se pasó prueba de la violencia psicológica y del grave daño emocional. En particular, de que el **señor Cruz Torres** chantajeaba a la perjudicada al manifestarle que, si ella lo dejaba, él se iba a suicidar. Provocando que la perjudicada tuviera miedo, no supiera qué hacer y le enganchara el teléfono.

**En segundo orden**, al evaluar tanto —los planteamientos esbozados por la Defensa como los del Ministerio Público— en los autos ante nuestra consideración, se desprende claramente todos los elementos del delito del Artículo 3.1 de la Ley 54, requeridos en la *scintilla* de prueba necesaria para sostener la determinación de **causa probable para acusar**.

---

[28] Regla 40—Criterios para la expedición del auto de certiorari.
El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. (4 LPRA Ap. XXII-B, R. 40).

Por lo tanto, la *Resolución* recurrida es una decisión dentro del claro ejercicio de discreción conferido a los tribunales de instancia y a su facultad de decidir los casos de la manera que entiendan razonable.

Es decir, no concurren los **criterios** establecidos en la citada Regla 40 del Reglamento del Tribunal de Apelaciones que nos permitan intervenir con la decisión tomada por el tribunal de instancia.

A tono con lo antes expuesto, resolvemos que no hay prueba en el expediente tendente a demostrar que el TPI abusó de su discreción o actuó con perjuicio, parcialidad o error manifiesto. Razón por la cual, no intervendremos con la determinación recurrida.

**-IV-**

Por los fundamentos antes expuestos, **denegamos** la expedición del auto de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones